**In re TEXACO INC., Texaco Capital Inc., Texaco Capital N.V., Debtors.**

**Bankruptcy Nos. 87 B 20142, 87 B 20143 and 87 B 20144.**

United States Bankruptcy Court, S.D. New York.

July 17, 1989.

---

Charles L. Black Aycock, Houston, Tex., for Lazard, et al.

Weil, Gotshal & Manges, New York City, for Texaco.

## DECISION ON MOTION FOR ORDER EXTENDING TIME TO FILE APPEAL

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The plaintiffs have moved pursuant to Bankruptcy Rule 8002(c) for an extension of time for filing a notice of appeal of this court's order denying class certification. The plaintiffs are royalty interest owners who filed a prepetition suit in the Texas state court claiming that Texaco Inc. underpaid royalties on leases operated by Texaco in Louisiana's Paradis Gas Gathering System.

### BACKGROUND

On April 12, 1987 (the "Petition Date"), Texaco and two of its subsidiaries (collectively, the "Reorganized Debtors") each filed with this court a petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

By order dated January 26, 1988, this court established March 15, 1988 as the bar date ("Bar Date") for filing all proofs of claim in Texaco's Chapter 11 case.

This court confirmed Texaco's Second amended Joint Plan of Reorganization (the "Plan") by order dated March 23, 1988 (the "Confirmation Order").

In two separate decisions, both the District Court and the Bankruptcy Court have found that there has been "substantial consummation" of Texaco's Plan. *In re Texaco Inc.*, 89 B.R. 382, 388 (Bankr.S.D.N.Y. 1988); *In re Texaco Inc.*, 92 B.R. 38, 46 (Bankr.S.D.N.Y.1988).

Prior to the commencement of Texaco's Chapter 11 case, a group of royalty interest owners (the "plaintiffs") filed suit in Texas state court (the "Texas Case"), asserting that Texaco had underpaid royalties on leases operated by Texaco in Louisiana's Paradis Gas Gathering System. Plaintiffs' attorney, Charles L. Black Aycock ("Aycock"), requested that a class action be certified. However, no class has been certified. The Texas Case was stayed after Texaco filed ten declaratory judgment actions in Louisiana against the plaintiffs named in the Texas Case.

Subsequent to the Petition Date, plaintiffs and Texaco entered into a stipulation that was approved by this court (the "Consent Order") granting limited relief from the automatic stay to permit the Louisiana Action to proceed to judgment.

After the Consent Order was entered, however, the plaintiffs in the Louisiana court attempted to convert the Louisiana Action into a class action based on this court's previous order. Texaco opposed this attempt, with the result that the plaintiffs returned to this court and requested that the court construe the Consent Order to permit a class action in the state court.

By order dated February 5, 1988 (the "February 5, 1988 Order") this court denied plaintiffs' requested relief, and ruled that: (1) the terms of the Consent Order prohibited class action certification on behalf of plaintiffs in the Louisiana Action or the absent class members; (ii) class action certification was denied under Bankruptcy Rules 7023 and 9014 for the purpose of filing a class proof of claim; (iii) plaintiffs lacked standing to seek relief from the automatic stay on behalf of absent class members; and alternatively (iv) no "cause"

had been established to justify stay relief in accordance with the 11 U.S.C. section 362(d).

By motion dated February 13, 1988 (the "Reconsideration Motion"), plaintiffs sought reconsideration of the February 5, 1988 Order to delete that portion of the order denying class certification in the Bankruptcy Court, and requested that the order be vacated to allow class certification to go forward in the Louisiana Action and in the Texas Case.

By motion dated March 2, 1988 (the "Extension Motion"), plaintiffs argued that the Bar Date should be extended to allow "absent class members" an additional 40 days after judgment was entered in pending state court litigation in Texas and Louisiana to file proofs of claim. The Extension Motion also requested that the Bankruptcy Court certify a class to enable plaintiffs to request that the Bar Date be extended on behalf of absent class members.

On January 19, 1989, this court conducted a hearing on the Reconsideration and Extension Motions. At the hearing, the Court noted that the "substantial consummation" of Texaco's Chapter 11 case prevented consideration of the motions. Accordingly, by order dated February 8, 1989 (the "February 8, 1989 Order"), the Court denied the Reconsideration and Extension Motions.

## THE NOTICE OF APPEAL

February 22, 1989 was the tenth day, excluding Saturdays and Sundays, following this court's entry of the order dated February 8, 1989 which denied plaintiffs' Reconsideration and Extension Motions. On February 22, 1989, the clerk of this court received three photocopies of plaintiffs' Notice of Appeal together with a covering letter advising that "Your statement for filing costs enclosed therewith will be promptly paid." The plaintiffs' attorney was notified by the court that a filing fee of $105.00 was required. By letter dated February 27, 1989, plaintiffs' attorney enclosed a check for $105.00 in payment of the filing fee, which was received by the court on March 3, 1989. Plaintiffs' attor-

ney was advised by the court to complete and return the enclosed Civil Cover Sheet. By letter dated March 7, 1989, plaintiffs' attorney enclosed photocopies of Exhibits received in evidence at the hearing on January 19, 1989, a Statement of Issues on Appeal, Designation of the items to be included in the record on appeal and a request to the reporter to include the transcript on appeal. These items were received and stamped by the court on March 8, 1989. The Notice of Appeal, which the court previously received on February 22, 1989 was also stamped on March 8, 1989.

## THE TIMELINESS OF THE NOTICE OF APPEAL

Bankruptcy Rule 8002 provides that a Notice of Appeal shall be filed with the clerk within 10 days of the date of the entry of the order appealed from. Bankruptcy Rule 9006, in computing time periods, declares that if a period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. Therefore, the last day to file a Notice of Appeal from this court's order dated February 8, 1989 was February 22, 1989, the date when this court received plaintiffs' Notice of Appeal. The Notice of Appeal was not stamped on February 22, 1989 because the required $105.00 filing fee had not been enclosed with the covering letter. This fee was promptly paid after the court clerk advised plaintiffs' attorney of the amount of the fee. However, a penciled notation appears on the face of the Notice of Appeal that the document was actually received by the court on February 22, 1989.

In light of the foregoing, plaintiffs need not move to extend the time to file a Notice of Appeal to March 8, 1989, the date that their notice was actually stamped. The Notice of Appeal was timely received on February 22, 1989. The fact that the filing fee was not received until March 3, 1989 and that the Notice of Appeal was not stamped until March 8, 1989, does not detract from the fact that the court timely received the Notice of Appeal on February 22, 1989. Rule 8002(a) was complied with

because the Notice of Appeal "was received by the clerk within the time fixed for filing ...".

■■■ The fee for filing a Notice of Appeal is prescribed in 28 U.S.C. § 1930(c). This fee is included in the Schedule of Fees in Bankruptcy Cases prescribed by the Judicial Conference of the United States, as amended effective May 1, 1988. An appeal may not be processed if the filing fee is not paid. However, a Notice of Appeal that is actually received by the court in timely fashion is not treated as a nullity merely because the required fee was not received simultaneously. A failure to pay the required fee will delay the processing of the appeal and may even result in a dismissal. Generally, a court clerk will not accept a Notice of Appeal if delivered in person without a filing fee. However, a Notice of Appeal that is received in the mail by the court with a letter requesting advice as to the amount of the fee together with a statement that the correct amount will be remitted by return mail should not be treated as untimely if the fee is promptly paid as promised. The controlling factor is the receipt of the Notice of Appeal within the time prescribed by Rule 8002(a) and not the payment of the fee. The simultaneous payment of the fee is not a jurisdictional prerequisite.

In affirming the Court of Appeals for the Second Circuit, the United States Supreme Court has ruled:

> We think that the Clerk's receipt of the notice of appeal within the 30–day period satisfied the requirements of [the filing period] and that untimely payment of the [statutory] fee did not vitiate the validity of petitioner's notice of appeal.

*Parissi v. Telechron, Inc.*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867, 868 (1955). *See also In re Boothe*, 84 B.R. 636, 637 (Bankr. D.Neb.1988); *In re Replogle*, 70 B.R. 444, 446 (Bankr.D.Mont.1987); *In re Spearman*, 68 B.R. 25, 26 (Bankr.E.D.N.Y.1986); *In re Norman*, 49 B.R. 796, 798 (Bankr.W. D.La.1985); *In re Whitfield*, 41 B.R. 734 (Bankr.W.D.Ark.1984).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. Plaintiffs' motion to extend to March 8, 1989 the time for filing a Notice of Appeal is unnecessary because plaintiffs satisfied Bankruptcy Rule 8002(a) when their Notice of Appeal was timely received by this court on February 22, 1989.

3. Plaintiffs' appeal will be processed appropriately and will not be dismissed.

IT IS SO ORDERED.