## AMERICAN EXPRESS TRAVEL RELATED SERVICES CO., INC., Plaintiff,

v.

## Douglass L. FARLEY, Defendant.

### No. 91 Civ. 7203 (TPG).

United States District Court,
S.D. New York.

Sept. 9, 1992.

———

Gilbert B. Weisman, Beckett & Watkins, Malvern, Pa., for plaintiff.

Nicholas Fitzgerald, New York City, for defendant.

OPINION

GRIESA, District Judge.

This is an appeal from an order of the United States Bankruptcy Court for the Southern District of New York, Francis G. Conrad, J., dated August 15, 1991, dismissing an American Express Travel Related Services Co., Inc. Complaint to Determine Dischargeability of Debt. Relying solely on the time-stamp from the clerk's office, Judge Conrad dismissed the complaint as not timely filed.

American Express, however, has demonstrated that its papers actually reached the clerk's office three days before they were stamped, and so still within the requisite limitations period. Because this complaint should be deemed filed on the date received in the clerk's office, the order of the Bankruptcy Court is reversed.

On Monday, April 22, 1991, American Express sent the complaint to the Clerk of the Bankruptcy Court, via Federal Express. A cover letter also contained explicit instructions that the complaint needed to be time-stamped by April 23, 1991, and that the clerk could call collect if there were any problems.

Federal Express did deliver the complaint to the clerk's office on the next day, April 23, 1991. Plaintiff has established this fact by submitting a Federal Express "Proof of Performance" showing that the document was, in fact, delivered to the clerk's office at 9:10 a.m. on April 23. For some unknown reason, however, the clerk's office did not stamp the papers until three days later, on April 26, 1991.

The busy bankruptcy judge relied on the stamped date whereas the cases show that filing occurs upon receipt in the clerk's office. *See e.g., Toliver v. Sullivan,* 841 F.2d 41 (2d Cir.1988) (operative date for limitations period is when clerk's office receives the complaint); *In re Texaco,* 102 B.R. 29 (Bankr.S.D.N.Y.1989) (notice of appeal valid when received rather than at later time when actually stamped); 2 *Moore's Federal Practice,* ¶ 5.11 (2d ed. 1988) (when papers are mailed to the clerk's office, filing is complete when the

papers are received by the clerk or placed in the clerk's post office box).

The August 15 Order of the Bankruptcy Court, which dismissed the complaint, is reversed.

SO ORDERED.