**In re Theron James BOND, Debtor.**

**Theron James BOND, Plaintiff,**

v.

**The PILLSBURY COMPANY, Feed Ingredient Division, and George D. O'Brien, Individually, and as Agent for the Pillsbury Company, Feed Ingredient Division, Defendants.**

Bankruptcy No. 81–20767.
Adv. No. 82–2067A.

United States Bankruptcy Court,
W.D. New York.

April 12, 1983.

Harris, Beach, Wilcox, Rubin & Levey by Jeffrey W. Baker, and Karl S. Essler, Rochester, N.Y., for defendants.

Edward J. Degnan by Kevin Bradley, Rochester, N.Y., for plaintiff-debtor.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The defendants herein have moved for summary judgment. The motions have been argued and briefs have been filed with regard to the motion.

The facts as they appear from arguments and documents on file with the Court are as follows. Thereon Bond is a farmer who has filed a Chapter 11 proceeding. On or about July 11, 1979, Bond and the Pillsbury Company entered into a contract for the drying of corn. The contract in essence provided that during the year 1979, Pillsbury Company would provide Bond with a minimum of 3,000 tons of wet corn for drying. In reliance upon this contract, Bond went out and purchased over $100,000 of drying equipment. At some point in time, during 1979, the Pillsbury Company breached the contract by supplying Bond with only 1,290 wet tons of corn. As a result of this breach of contract, Bond commenced an action against Pillsbury Company in New York State Supreme Court. A motion was made there for summary judgment. One of the justices of that Court granted the motion for summary judgment dismissing certain claims of Bond based upon fraud, tortious conduct and the like and found that Pillsbury had breached the contract. He ordered the parties to file a note of issue for a hearing on the damages. The Order was appealed and before the appeal could be heard, Mr. Bond filed his Chapter 11 petition.

A complaint was then filed with this Court seeking the removal of this lawsuit from the State Supreme Court to the Bankruptcy Court. Both parties consented to the removal and an application was made for summary judgment before this Court as to the complaint. Prior to the hearing on this matter, the complaint was dismissed and leave was given to the plaintiff to file an amended complaint. The amended complaint contained many counts. There are presently left Count 1 of the complaint which deals strictly with breach of contract and Counts 2, 3 and 4 of the complaint which deal with various claims in tort and fraud as against Pillsbury and O'Brien. The defendant also seeks to amend his claims or causes of action to allege additional damages and fresh counts of fraud, tort and tortious interference with contract as against defendant O'Brien.

In support of their various positions, the parties hereto inundated the Court with depositions, briefs, and various complaints plus the decision of the State Supreme Court. After reading these documents, several statements which are illuminating have been culled from these documents which will enable this Court to arrive at a decision. Judge Dugan at page 7 of his opinion states, "These allegations of misrepresentations or fraud by the plaintiff are a patent attempt to circumvent this substantive rule of contract law by invoking the exception admitting such parol evidence to prove a valid written contract is unenforceable by reason of the fact that the consent of one of

the parties was obtained by fraud." On page 21 of plaintiff's supplemental memorandum of law, the plaintiff's attorney states, "Plaintiff does not dispute that he has been unable to obtain sufficient evidence to prevail on a number of allegations of his Amended Complaint, specifically, the allegations of malicious and damaging conduct by Defendants following their abandonment of the July 11, 1979 contract. However, there remain valid claims by Plaintiff against both Defendants founded upon their wrongful conduct during 1979, as previously set forth herein. This Court should not dismiss Plaintiff's claims in their entirety merely because Plaintiff has been unable to obtain legally sufficient evidence to support his hearsay allegations of post-1979 conduct; Plaintiff should be allowed to go to trial on all of his validly set forth claims with respect to Defendants' 1979 conduct."

It would seem from the foregoing and from the reading of plaintiff's other documents that at best plaintiff has a hope that he may be able to establish some tortious or fraudulent conduct on the part of the defendants. But at this point in time, he cannot specify what that tortious or fraudulent conduct is. Wasting the Court's time with a long and rambling trial in the hopes that at some point in time during the trial, the plaintiff may be able to establish some tort or some fraud is not enough. There are no questions of fact in the fraud or tort situation at the present time that would justify the Court's expenditures of time. Therefore, I am granting summary judgment with regard to the tort and the fraud Counts of the complaint and which are numbered Counts 2, 3 and 4.

However, I am going to permit one last amendment of the contract cause of action to permit the debtor to prove damages which arise from the breach thereof. This damage should include all damages which were in the contemplation of the parties at the time the contract was entered into. This follows the well-known rule of *Hadley vs Baxsondale*, (9 Exch. 341, 156 Eng. Reprint 145) which lays down the prin-

ciple that the damages recoverable for breach of contract are such as may reasonably be considered as arising naturally from the breach of contract itself or such as may reasonably suppose to have been in the contemplation of both parties at the time they made the contract and which would occur as a probable result of its breach. However, these damages must be proved with reasonable certainty at the time of trial. This appears to be the rule of damages followed in New York State. (See 13 New York Juror on Damages §§ 46, 47 and 48 and the cases cited therein).

Therefore, the amendment suggested by the plaintiff in his supplemental memorandum of law as to Count 1 is permitted. However, for the reason set forth above, amendments of Counts 2, 3 and 4 are not permitted and it is so ordered.