In re Elijah **WHITFIELD** and May Helen Whitfield, Debtors.

**B.J. EDWARDS, Plaintiff,**

v.

**Elijah WHITFIELD and Mary Helen Whitfield and Michael Landers, Trustee, Defendants.**

**Bankruptcy No. ED 83–058.
Adv. No. AP 84–054.**

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Aug. 10, 1984.

Henry C. Kinslow, El Dorado, Ark., for plaintiff.

Danny P. Rodgers, Prescott, Ark., Michael Landers, El Dorado, Ark., for defendants.

Elijah and May Whitfield, pro se.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

Before the Court are two motions: A motion to dismiss plaintiff's Complaint objecting to debtors' discharge, and a motion for extension of time to file a complaint for a determination of the dischargeability of a debt under § 523 of the *United States Bankruptcy Code*. B.J. Edwards is represented by Hon. Henry C. Kinslow and the debtors are represented by Hon. Danny C. Rogers. The parties agreed to submit this matter on stipulated facts and briefs.

From the pleadings in the Court's file and the stipulation entered into by the parties, the Court enters this Memorandum Opinion.

The petition was filed on September 1, 1983 seeking relief under the provision of Chapter 7 of the Bankruptcy Code. By Order of this Court dated October 1, 1983 the first meeting of creditors was set for October 28, 1983 and the deadline for filing objections to discharge and complaints to determine dischargeability was fixed as December 27, 1983. This Order was mailed to all parties in interest and creditors, including B.J. Edwards, the plaintiff herein. On December 12, 1983 an objection to discharge by B.J. Edwards was received by the Clerk of the United States Bankruptcy Court and marked "filed" on that date. On December 15, 1983 the file mark was x-ed out and the pleading was returned to Mr. Edward's attorney for the reason that the pleading was not properly initiated as an adversary proceeding and was not accompanied by the $60 filing fee as required by the rules.[1] The original objection generally alleged that the debtors made false oaths on their petition regarding the acquisition of two motor vehicles and the sale of a home in Dallas, Texas. Although it alleged factual grounds for the denial of the discharge under § 727, the complaint made reference to § 523.

The objection was remailed to the clerk from El Dorado on December 28, 1983. The parties stipulated that the objection was prepared for mailing on December 22, 1983, but a severe winter storm made it impossible to mail. The objection was received by the clerk's office on December 30, 1983. The attorney for the plaintiff, Hon. James E. Stein, was relieved as attorney by Court Order dated February 21, 1984. Hon. Henry C. Kinslow was substituted as counsel for plaintiff, and on February 22, 1984 he filed an amended objection to discharge specifically alleging the fraudulent acts which form the basis for the exception to discharge under 11 U.S.C. § 523(a)(2)(A) and (a)(6). The debtors responded that the plaintiff is barred because the objection was raised after the December 27, 1983 deadline for filing objections. Rule 4004(a) of the new Bankruptcy Rules fixes the time within which a complaint objecting to discharge under § 727(a) must be filed. Rule 4007 fixes the time within which a complaint to determine dischargeability under § 523(c) must be filed, and both rules set the time at sixty days from the first meeting of creditors. These rules became effective in September of 1983 and apply to this case. Both rules allow for an enlargement of time to file a complaint upon motion which "*shall* be made before such time has expired." *See*, Rule 4004(b) and Rule 4007(d).

The plaintiff argues that the Court should allow the belated complaint objecting to discharge because of excusable neglect citing cases and Rule 9006 of the new Bankruptcy Rules. Plaintiff also argues that Rule 9006(b)(2) and Rule 4007(b) read together provide that a complaint to determine dischargeability under § 523 can be filed any time. The debtors, on the other hand, argue that Rule 4004 and Rule

---

**1.** *See*, Bankruptcy Rule 7001 and 28 U.S.C. § 1930(b).

4007 are mandatory and require the complaint to be filed within the deadline unless a motion is filed before the deadline requesting an enlargement of time as provided by Rules 4004(b) and 4007(d). The debtors are correct. *In Re Lane,* 37 B.R. 410 (E.D.Va.1984); *In Re· Floyd,* 37 B.R. 890 (Bkrtcy.Tex.1984); *In Re Beecher,* 33 B.R. 104, 11 B.C.D. 1 (W.D.N.Y.1983); *In Re Figueroa,* 33 B.R. 298, 10 B.C.D. 1459 (S.D. N.Y.1983). Rule 9006 by its own terms does not apply to enlargements of time under Rule 4004(a) and 4004(c). Thus, an objection to discharge is fatally untimely if filed after the deadline fixed by the Court unless an extension is granted pursuant to a motion which is filed before the expiration date. No such concept as excusable neglect exists and the rule does not permit the Court any discretion in the matter. Therefore, clearly, plaintiff's motion for an extension of time must be denied because it is untimely filed and plaintiff's amended complaint objecting to discharge must likewise be struck for the same reason. Plaintiff argues that Rule 4007(b) allows complaints other than under § 523(c) to be filed at any time, and presumably he argues that his proposed complaint is "other than under § 523(c)." Plaintiff's proposed complaint objecting to the dischargeability of a particular debt is, however, clearly governed by § 523(c) of the Code, hence plaintiff must comply with the deadline set out in Rule 4007(c).

■ However, the Court is of the view that the original complaint objecting to discharge under § 727 (incorrectly stated as § 523) although inartfully drawn was filed within the time limit fixed by the Court. The stipulated facts are that the complaint was received by the clerk's office on December 12, 1984 and returned on December 15, 1984 by the clerk because it was not accompanied by a bankruptcy cover sheet and a $60 filing fee. It is for this Court and not the clerk, however, to determine the legal sufficiency of documents tendered for filing. This is especially true when the actions of the clerk result to alter the substantive rights of the parties. *See, In Re King,* 35 B.R. 471 (Bkrtcy.N.D.Ill.1983) a· case precisely in ·point.

■ Here the complaint in paragraph 1 fairly states a complaint to deny the debtor a discharge for making a false oath in violation of 11 U.S.C. § 727(a)(4). The allegations in paragraph 2 are not sufficient allegations of fraud to comply with Rule 7009. Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud be stated with particularity. Pleadings alleging fraud must contain explicit rather than implicit expressions of circumstances constituting fraud. *King Automotive, Inc. v. Speedy Muffler King, Inc.,* 667 F.2d 1008 (Cust. & Pat.App.1981); *In Re Bond,* 29 B.R. 29 (Bkrtcy.W.D.N.Y.1983). Compliance with the rule requires that a person plead all of the elements of a cause of action for fraud in light of the factual situation in question. *Dayco Corporation v. Goodyear Tire & Rubber Co.,* 523 F.2d 389 (6th Cir.1975).

The motion to dismiss the original complaint objecting to discharge, paragraph 1, is overruled; the motion to dismiss the amended complaint is granted; the motion to dismiss as to paragraph 2 in the original complaint is also granted; and the motion for extension of time to file objection to dischargeability is denied. All of the above are for the reasons stated herein.

Trial on the merits of the allegations contained in paragraph 1 of the original complaint will be set by subsequent notice.

IT IS SO ORDERED.