**In re Michael SPEARMAN, Debtor.**

**The CHURCH CHARITY FOUNDATION OF LONG ISLAND, the Community Hospital At Glen Cove, the John T. Mather Memorial Hospital, Mercy Hospital, Southside Hospital, and the Staten Island Hospital, Plaintiffs,**

v.

**Michael SPEARMAN, Defendant.**

**Bankruptcy No. 086–60470–21.
Adv. No. 086–0068.**

United States Bankruptcy Court,
E.D. New York.

Nov. 26, 1986.

As Amended Feb. 20, 1987.

Hession, Halpern & Bekoff, Mineola, N.Y. by Kenneth Halpern, for debtor/defendant.

Garfunkel, Wild & Travis, P.C., Great Neck, N.Y. by Leonard M. Rosenberg, for plaintiffs.

## OPINION AND ORDER

CECELIA H. GOETZ, Bankruptcy Judge:

The debtor-defendant has moved to dismiss this complaint contesting dischargeability of the debt owed certain creditors, on the ground that their complaint was not timely filed. Bankruptcy Rule 4007(c) requires a complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code to be filed not later than 60 days following the first date set for the meeting of the creditors held pursuant to § 341(a). The Court has discretion to extend the time for filing, but only upon motion made before the initial time has expired. Bankruptcy Rule 4007(c).

Ordinarily, Bankruptcy Rule 9006(b)(1) permits enlargement of time if the failure to act is due to excusable neglect. The time to object to dischargeability of a debt is, however, specifically excepted from such enlargement. Because these Rules eliminate the concept of "excusable neglect" as the basis for expanding the time to object, the bankruptcy courts have strictly enforced the deadlines imposed for filing complaints objecting to discharge. *In re Treister*, 38 B.R. 228, 230 (Bankr.S.D. N.Y.1984).

The facts in this case are not in dispute. The time to file a complaint objecting to dischargeability expired on September 26, 1986. On that date, the creditor submitted to the office of the Bankruptcy Clerk a complaint for filing. However, the pleading was not accompanied by the prescribed $60.00 filing fee. By the authority of 28 U.S.C. § 1930(b), the Judicial Conference of the United States has prescribed a schedule of fees to be charged for services performed by the clerks of the bankruptcy courts. Pursuant to this schedule, a $60.00 filing fee must be paid upon initiation of any civil action suit or proceeding in a controversy over which the bankruptcy court does not have exclusive jurisdiction. The clerk, therefore, after stamping the complaint with the date on which it was presented for filing, returned it to the creditor's representative. The next business day, September 29, 1986, when the creditor returned with the $60.00 filing fee, the complaint was accepted, duly docketed and a summons was issued.

It is the view of this Court that the complaint was timely filed, and that the action of the clerk in returning the complaint, despite its timely filing, to the creditor, did not change the either the creditor's or the debtor's substantive rights. The critical act was the filing of the complaint, not the payment of the fee. Payment of filing fees is not jurisdictional.

Two bankruptcy courts have had prior occasions to consider analogous situations. *In re Whitfield*, 41 B.R. 734 (Bankr.W.D.

Ark.1984); *In re Norman,* 49 B.R. 796 (Bankr.W.D.La.1985).

In *In re Norman, supra,* a similar attack was made upon a complaint which was accepted despite the failure to pay the filing fee, but where the clerk withheld issuance of the summons until the fee was paid. In sustaining the action as timely, the Court said: "What is controlling here is the *filing* of the complaint, not the *payment of a fee.*" (Emphasis in the original).

*In re Whitfield, supra,* involved facts almost four square to the present case. There, the Court received an objection to discharge within the deadline and marked it "filed" on that date. Three days later, the file mark was x'd out and the pleading returned for the reason, among others, that it had not been accompanied by the $60.00 filing fee. The Court subsequently held that the complaint had been "filed within the time limit fixed by the court." The Court agrees with this result.

For the foregoing reasons, the motion to dismiss is denied.

So Ordered.