In the Matter of David M. COFFEY and Mayda Guevara Zambrana, Debtors.

FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff/Movant,

v.

David M. COFFEY and Mayda Guevara Zambrana, Defendants/Respondents.

Bankruptcy No. B–86–00861(ESL). Adv. No. 86–0267.

United States Bankruptcy Court, D. Puerto Rico.

April 8, 1987.

· Rodrigo Otero Bigles, Otero Suro & Otero Suro, Hato Rey, P.R., for debtor.

Jose R. Franco, Federal Deposit Ins. Corp., San Juan, P.R., for plaintiff/movant.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

The issue before the Court is whether the complaint by the Federal Deposit Insurance Corporation (hereinafter "F.D.I.C.") was timely filed. The chronology and sequence of events is of crucial importance to the outcome of this proceeding. Accordingly, the same are set forth in the following:

*Findings of Fact*

1. On May 9, 1986 the debtor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code.

2. On June 10, 1986 the Clerk notified to all parties in interest that August 29, 1986 was the deadline to file a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c).

3. On August 4, 1986 F.D.I.C. filed a "Motion Under Rule 4004" requesting an extension of time to file a complaint.

4. On September 17, 1986 the court granted F.D.I.C. until November 6, 1986 to file a complaint.

5. On November 7, 1986 F.D.I.C. filed a complaint objecting the dischargeability under 11 U.S.C. § 523(a)(2)(A). That is, one day after the last day granted by the court.

6. On November 26, 1986 a Motion to Dismiss was filed by the debtor on grounds of lack of jurisdiction, since the complaint of the F.D.I.C. was filed after the November 6, 1986 deadline granted by the Court.

7. Plaintiff has not opposed the motion to dismiss.

### Conclusions of Law

1. Rule 4007 of the Bankruptcy Rules sets forth the time to file a complaint under § 523(c). Said rule also provides for the determination of dischargeability of a debt, and the procedure to be followed. Rule 4007 provides in its pertinent part as follows:

"(a) ...

(b) A complaint other than under § 523(c) may be filed at any time....

(c) A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than *60 days* following the first date set for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.*" (Emphasis supplied)

2. The aforecited Rule 4007 distinguishes between the time limit to file a complaint under § 523(c), and others. Section 523(c) includes objections pursuant to § 523(a)(2, 4 and 6). While there is an unlimited period in which to file a complaint for an objection under Code § 523(a)(1), (3), (5), (7), (8), and (9); subdivision (c) of Rule 4007 establishes a sixty (60) day period for objections based on any one of the three categories described in Code § 523(a)(2), (4) and (6). *Ibid.*

3. The Advisory Committee Note of the aforecited Rule 4007, provides in part:

"This rule prescribes the procedure to be followed when a party requests the court to determine dischargeability of a debt pursuant to § 523 of the Code.

... Subdivision (b) does not contain a time limit for filing a complaint to determine the dischargeability of a type of debt listed as nondischargeable under § 523(a)(1), (3), (5), (7), (8), or (9). Jurisdiction over this issue on these debts is held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum.

Subdivision (c) *differs* from subdivision (b) by *mposing a deadline* for filing complaints to determine the issue of dischargeability of debts set out in *§ 523(a)(2),* (4) or (6) of the Code. *The bankruptcy court has exclusive jurisdiction to determine dischargeability of these debts. If a complaint is not timely filed, the debt is discharged ...".* (Emphasis supplied). See, Bkr.L Ed, Statutes and Rules § 62:67 at page 72.

4. Since § 523(a)(2) is included in § 523(c), any complaint to determine the dischargeability of a debt under § 523(c) must be filed within 60 days following the first date set for the meeting of creditors pursuant to Code § 341(a), unless the court determines otherwise upon motion of party in interest pursuant to Rule 4007(c).

*See, In re Whitfield,* 41 B.R. 734 (Bankr. W.D.Arkansas 1984); *In re Lane,* 37 B.R. 410 (Bankr.E.D.Va.1984); *In re Floyd,* 37 B.R. 890 (N.D.Tx.1984); *In re Roberto Medina d/b/a RFM Office Shop and Caribe Auto Shop,* No. 18 Civil No. 86–0782 (PG) (D.P.R. Jan. 21, 1987).

5. In the instant proceeding, although the plaintiff timely filed a motion requesting extension of time to file a complaint pursuant to subdivision (c) of Rule 4007, and the same was granted by the Court, F.D.I.C. failed to file the complaint within the deadline imposed by the court. The complaint should have been filed on or before the deadline of November 6, 1986. In this proceeding, the complaint was not filed on time.

### Conclusion

In view of the foregoing, the "Motion to Dismiss for Lack of Jurisdiction" filed by the debtor is hereby GRANTED. The Clerk shall enter judgment accordingly.

SO ORDERED.