**In the Matter of William BOOTHE, Debtor.**

**PHOENIX FEDERAL SAVINGS, Plaintiff,**

v.

**William BOOTHE, Debtor, Defendant.**

Bankruptcy No. BK87–666.
Adv. No. A87–0381.

United States Bankruptcy Court,
D. Nebraska.

April 14, 1988.

John C. Hahn of Jeffrey, Hahn, Hemmerlinger & Wade, P.C., Lincoln, Neb., for debtor.

Robert B. Creager of Berry, Anderson, Creager & Wittstruck, P.C., Lincoln, Neb., for creditor-plaintiff, Phoenix Federal Sav.

### MEMORANDUM AND ORDER

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

THIS MATTER comes before the Court on Motion for Rehearing by Creditor–Plaintiff (Fil. # 7, January 26, 1988), and Order of this Court (Fil. # 24, in BK87–666) dated January 15, 1988, which sustained Debtor–Defendant's Motion to Dismiss (Fil. # 4, November 12, 1987).

### FACTS

The issue presented involves whether the filing of a complaint without paying the filing fee is effective for purposes of commencing an action within the time limit specified by the Court for filing a complaint to bar discharge.

The facts in this case are undisputed. Debtor, William Boothe, III filed a petition under Chapter 7 of the Bankruptcy Code on March 5, 1987 (BK87–666). On June 8, 1987, Creditor, Phoenix Federal Savings filed a Motion for Extension of Time to file a complaint objecting to the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(B),

pursuant to Rule 4004(b). (Fil. # 14, BK87–666). At a hearing before Judge Mahoney on August 6, 1987, Creditor was granted 30 days in which to file its complaint. The Journal Entry (BK87–666, Fil. # 18) of Judge Mahoney further stated, "Failure to so file within 30 days will result in a bar to further seek filing and debtor shall be scheduled for discharge/reaffirmation hearing." This order was filed August 7, 1987. The Creditor's complaint was mailed September 4, 1987, and was received by the Clerk's Office on September 8, 1987, after the Labor Day holiday. Since the filing fee remitted with the complaint was insufficient, the Clerk's Office did not open the adversary proceeding file (A87–381) until September 30, 1987. Debtor filed a motion on September 29, 1987, in the bankruptcy case requesting that a discharge/reaffirmation hearing be held, because the filing of Creditor's objection to the discharge was late (BK87–666, Fil. # 19). Creditor objected (Fil. # 20) on January 15, 1988, the Court sustained Debtor's motion, over-ruled Creditor's objection and ordered that a discharge/reaffirmation be set (Fil. # 24). In making this order, the Court found that the complaint was filed late.

In the adversary proceeding, Creditor's complaint was dated as filed on September 8, 1987. Debtor moved to dismiss the complaint in (Fil. # 4), November 12, 1987. After the hearing on January 15, 1988 in the bankruptcy case (BK87–666), Debtor renewed his motion to dismiss in the adversary case (A87–381) on January 26, 1988 (Fil. # 6). Creditor moved for a rehearing on the Court's order of January 15, 1988 in BK87–666 (Fil. # 7, January 26, 1988). At a status hearing in A87–381 on January 28, 1988, the Court took the motion for rehearing under advisement (Fil. # 8).

## CONCLUSION

The Court now finds that the complaint by Creditor, Phoenix Federal Savings was timely filed. In calculating time under Bankruptcy Rule 9006(a), the day of the act from which the time begins to run is not included and "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday ... in which event the period runs until the end of the next day which is not one of the aforementioned days."

Creditor timely requested and was granted a 30 day extension of time in which to file its complaint. If the 30 days are counted from the date of the hearing, August 6, 1987, the date of the 30th day of the period in which the complaint could be filed was September 5, 1987. September 5, 1987 was a Saturday. Monday, September 7, 1987 was a legal holiday, Labor Day. Thus, the last day the complaint could be filed was September 8, 1987, and this is the date the Clerk's Office received the complaint and file-stamped it. The complaint did arrive within the time alloted by the Court order, as calculated according to Rule 9006(a).

In his brief, Debtor also argues that the failure of Plaintiff to pay the filing fee by September 8, 1987 renders the filing of the complaint late. The case of *In re Michael Spearman*, 68 B.R. 25 (Bankr.E.D.N.Y. 1987) is instructive. The complaint in *Spearman* was filed on the last day of the allowed time, but not docketed until the fee was paid later. The Court held that the complaint was timely filed. "The critical act was the filing of the complaint, not the filing of the fee. Payment of filing fees is not jurisdictional." *Id.* at 26. Other courts have reached similar conclusions, *In re Elijah Whitfield*, 41 B.R. 734 (Bankr.W.D. Ark.1984); *In re Norman*, 49 B.R. 796 (Bankr.W.D.La.1985). This conclusion is also supported by Fed.R.Civ.P. 3, which states that a "civil action is commenced by filing a complaint with the court." (See, *e.g.*, 2 Moore's Federal Practice ¶ 3.04 at 3–18). Under Bankruptcy Rule 7003, Fed. R.Civ.P. 3 applies to this adversary proceeding.

Thus, the complaint was properly filed in this case on September 8, 1987. The delay in completing the processing of the complaint until September 30, 1987 by the Clerk's Office has no affect on the substantive rights of creditor to pursue its remedies under the Bankruptcy Code.

IT IS ORDERED, that the motion by Phoenix Federal Savings for reconsideration in A87–381 (Fil. # 7) is sustained, and the Court's Order of January 15, 1981 (Fil.

#24 in BK87–666) is vacated. Debtor's Motions to Dismiss in A87–381, (Fil. #4 and Fil. #6) are overruled. Debtor shall file an answer in twenty (20) days of this date under Rule 7012(a).