**In re Michael Allen BRENESELL, Debtor.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver for Indian Springs State Bank, Plaintiff,**

v.

**Michael Allen BRENESELL, Defendant.**

**Bankruptcy No. 85–00328.**
**Adv. No. 86–0013.**

United States Bankruptcy Court, D. Hawaii.

Dec. 1, 1989.

Jerrold K. Guben and Stuart T. Feeley, Honolulu, Hawaii, for plaintiff.

James A. Wagner, Honolulu, Hawaii, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

RE: MOTION TO SET ASIDE ENTRY OF DEFAULT AND DISMISSAL

JON J. CHINEN, Bankruptcy Judge.

On November 1, 1989, the Motion to Set Aside Entry of Default and for Dismissal filed by Michael Allen Brenesell ("Debtor") came on for hearing before the undersigned judge. The Debtor moved this Court for an order vacating the Federal Deposit Insurance Corporation's ("FDIC") Entry of Default entered by this Court on March 24, 1986 and an Order dismissing the FDIC's Complaint to Determine Dischargeability of Debt filed on January 22, 1986. The Debtor was represented by Ted Pettit, Esq. and FDIC was represented by Jerrold K. Guben, Esq. and Stuart T. Feeley, Esq. Following the hearing, the Court took the matter under advisement.

Having reviewed the memoranda, arguments of counsel and the files and pleadings in these proceedings, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The first meeting of creditors in *In re Michael Allen Brenesell*, Case No. 85–00328, was scheduled for November 20, 1985. Pursuant to Bankruptcy Rule 4007(c), January 19, 1986 was set as the deadline for filing complaints to determine dischargeability of a debt and objecting to the discharge of debtor.

2. Under the applicable bankruptcy rules, since January 19, 1986 fell on a Sunday, FDIC's complaint objecting to dischargeability would have been due on January 20, 1986, which was Martin Luther King Day, a federal holiday. Thus, the complaint was due on January 21, 1986, the first business day after the federal holiday. Rules 4007(c) and 9006, Federal Rules of Bankruptcy Procedure.

3. On January 21, 1986, the FDIC "lodged" an Ex Parte Motion to Extend Time for Filing Complaint to Determine Dischargeability of Debt. Said Motion was filed pursuant to Rules 4007(c) and 9006(b), Federal Rules of Bankruptcy Procedure.

4. On January 22, 1986, the FDIC filed its Complaint to Determine Dischargeability of Debt, pursuant to this Court's *nunc pro tunc* Order of June 26, 1986. A summons was served with said Complaint.

5. On January 27, 1986, the FDIC filed its Certificate of Service evidencing service of the Complaint and Summons on the Debtor.

6. On or about January 30, 1986, the Clerk of the Court returned the FDIC's Ex Parte Motion to Extend Time for filing Complaint to Determine Dischargeability of Debt with handwritten instructions to make a procedural modification.

7. On or about February 5, 1986, pursuant to the clerk's instructions, the FDIC submitted its amended Motion to Extend Time for Filing Complaint to Determine Dischargeability of Debt.

8. On February 5, 1986, the FDIC filed its Notice of Hearing on Motion to Extend Time for Filing Complaint to Determine Dischargeability of Debt and served said moving papers on the Debtor.

9. On February 6, 1986, the FDIC mailed its Certificate of Mailing of the above-referenced Notice as evidence that Debtor was notified and served.

10. On March 24, 1986, the FDIC moved for the entry of default against the Debtor, on which date the Clerk of the Court entered a default against the Debtor and in favor of FDIC.

11. On or before May 9, 1986, the Debtor wrote to this Court indicating that the Debtor had moved to the mainland and that he was unable to retain counsel for the scheduled May 16, 1986 hearing on the FDIC's Motion to Extend Time in which to file the Complaint to Determine Dischargeability of Debt. In said letter to this Court, the Debtor indicated that he had relocated to the mainland and had received actual notice of the May 16, 1986 hearing on the FDIC's Motion to Extend Time in which to file Complaint to Determine Dischargeability of Debt.

12. On May 9, 1986, this Court responded to the Debtor's letter and advised the Debtor to retain legal counsel to represent him at the scheduled May 16, 1986 hearing on FDIC's Motion to Extend Time to File Complaint to Determine Dischargeability of Debt, or to contact the FDIC to continue said hearing.

13. Debtor's letter to the Court in May of 1986 evidenced that the Debtor was well informed as to the status of the bankruptcy proceedings. In fact, Debtor's letter stated:

My move [a relocation to Los Angeles] was scheduled shortly after the last scheduled hearing which took place in January [1986].

14. In addition, this Court held two discharge hearings during the relevant time period. On February 13, 1986, a discharge hearing was held which was continued until moved on, and the Debtor Brenesell was present. And, on March 19, 1987, the Court held a continued discharge hearing, at which Mr. Guben was present, but Debtor did not appear. Because a complaint objecting to discharge was pending, the discharge hearing was again continued until moved on.

15. On May 19, 1986, this Court held its hearing on FDIC's Motion to Extend Time to File Complaint to Determine Dischargeability of Debt. The FDIC was represented by attorney Erik Zen. Notwithstanding this Court's advice, the Debtor did not retain counsel and was not represented.

16. On June 25, 1986, this Court entered its nunc pro tunc Order enlarging the time for the FDIC to file its Complaint to Determine Dischargeability of Debt until January 29, 1986. The Order was "Entered on Docket" on June 26, 1986.

17. The Debtor did not appeal said Order of June 26, 1986 and thus the Order became a final Order.

18. The Debtor did not move to vacate the entry of default until he filed the present motion on October 20, 1989, over three and a half (3½) years after default was entered.

19. The Debtor has moved this Court to vacate the entry of default of March 24, 1986 pursuant to Bankruptcy Rule 7055, [Rule 55, Federal Rules of Civil Procedure] and 9024 [Rule 60(b), Federal Rules of Civil Procedure] and to dismiss the January 22, 1986 Complaint to Determine Dischargeability of Debt on the ground that the FDIC's Motion to Extend Time in which to

File Complaint to Determine Dischargeability of Debt was filed after the 60-day period.

20. This Court finds that Debtor received actual notice of all relevant proceedings involving FDIC's Motion to Extend Time to File Complaint to Determine Dischargeability of Debt and FDIC's Complaint and Summons.

21. To the extent that these Findings of Fact constitute Conclusions of Law, they shall be so deemed.

## CONCLUSIONS OF LAW

A. The FDIC's Motion to Enlarge Time in Which to File Complaint to Determine Dischargeability of Debt was Timely Filed on January 21, 1986.

1. The bar date for filing a Complaint to Determine Dischargeability of Debt may be enlarged, pursuant to Rules 4007(c) and 9006(b), Federal Rules of Bankruptcy Procedure.

2. *In re Burns*, 102 B.R. 750, 752 (9th Cir. BAP 1989), held that:

> the Ninth Circuit has specifically held that the time limitation under Rule 4007(c) involves a "procedural matter" and does not amount to a "statute of limitations." *In re Hill*, 811 F.2d 484, 487 (9th Cir.1987). Since Rule 4007(c) and 4004(a) are "procedural" in nature, the time limits set forth therein are specifically governed by the Bankruptcy Rules.

■ 3. When the bar date falls on a Saturday, Sunday, or legal holiday, a motion to enlarge the time in which to file complaint to determine dischargeability is timely when filed on the next regular business day. Bankruptcy Rule 9006(a). *In re Day*, 102 B.R. 414 (E.D.Pa.1989).

■ 4. A complaint objecting to dischargeability of debt is timely filed as of the date it is file-stamped by the clerk's office, even though the filing is defective and the processing of the defective complaint occurs after the expiration of the bar date. In *In re Matter of Boothe*, 84 B.R. 636 (Bkrtcy.D.Neb.1988), the court held that the creditor had timely filed a complaint to determine dischargeability of a debt where the deficient complaint was lodged without the appropriate filing fee and there was a three-week delay in the processing of the complaint.

■ 5. A complaint is deemed "filed" as of the date it is submitted for filing, even though the clerk of court returns the complaint to the plaintiff because it is not accompanied by a cover sheet or a filing fee. *Cooper v. Frederick*, 73 B.R. 636 (Bkrtcy.N.D.Fla.1986).

6. The Court in *In re Whitfield*, 41 B.R. 734 (Bkrtcy.W.D.Ark.1984) noted that:

> It is for this Court and not the clerk, however, to determine the legal sufficiency of documents tendered for filing. This is especially true when the actions of the clerk result to alter the substantive rights of the parties.

■ 7. A complaint or other legal papers are deemed received by the clerk of the court when it is stamped "filed", even though it is not docketed until later, at which time the filing fee is paid and the original summons and supporting documents are filed. In *In re Spearman*, 68 B.R. 25 (Bkrtcy.E.D.N.Y.1986), a complaint objecting to the dischargeability of debt was deemed "filed" within the bar date when the creditor initially submitted the complaint to the bankruptcy clerk without the filing fee and not when the complaint was resubmitted with the statutory filing fee.

■ 8. Procedural errors in filing the complaint do not result in dismissal of the complaint, provided the complaint was received by the court before the bar date. *In re Barnes*, 96 B.R. 833 (Bkrtcy.N.D.Ill. 1989). *See e.g., Casper v. Frederick*, 73 B.R. 636 (Bankr.N.D.Fla.1986), where some form of timely filing was made, creditors have been allowed to correct procedural errors after the cut-off date.

9. The definition of "filing" for purposes of Rule 5005, Federal Bankruptcy Rules of Procedure and Rule 5(e), Federal Rules of Civil Procedure is set forth in

Moore's *Federal Practice,* where it is noted that:

> [w]hen there are filing deadlines, papers to be filed must reach the clerk's office by the deadline date. If the clerk's office is closed, papers may be filed by timely delivery to the clerk at home or elsewhere.

2 J.W. Moore *Federal Practice,* para. 5.11 at p. 5–41 (2d ed.).

10. Rule 5005 and Rule 5(e) must be read in conjunction with Rule 77, Federal Rules of Civil Procedure, which provides that:

> [t]he district courts shall be deemed always open for the purpose of filing any pleading or other proper paper.

■ 11. When legal papers are mailed to the United States District Court Clerk's Office, the filing is deemed complete when the papers are received by the clerk or placed in the clerk's post office box. 2 J.W. Moore, *Federal Practice,* para. 5.11, at page 5–41.

12. In *Toliver v. Sullivan,* 841 F.2d 41 (2d Cir.1988), the Court held that the complaint was timely filed when it was hand delivered to the clerk of the court prior to the filing deadline, even though the complaint was not entered as "filed" on the docket sheet until several weeks later.

■ 13. In the instant case, FDIC submitted to the Clerk's Office its original Motion to Extend Time to File a Complaint Determining the Dischargeability of a Debt on January 21, 1986, within the bar date set by the Court. Because of a procedural defect, the Clerk's Office returned the motion for correction. The amended motion was "filed" on February 5, 1986 and was nearly identical to the original motion, save for a minor procedural matter. This Court finds that the FDIC's Motion to Extend Time to File Complaint to Determine Dischargeability of Debt was timely filed with this Court on January 21, 1986, before the expiration of the 60–day period.

B. The FDIC's Amendment of the Motion to Extend Time in Which to File Complaint to Determine Dischargeability of Debt Relates Back to January 21, 1986.

14. The concept of "relation back" for amendments of legal papers is governed by Rule 7015, Federal Bankruptcy Rules of Procedure.

15. In *Bixby v. First National Bank of Elwood,* 250 F.2d 713 (7th Cir.1957), the Court held that an amendment of a petition in bankruptcy which merely makes specific an allegation of an act of bankruptcy contained in the original petition relates back to the date of the filing of the original petition.

■ 16. A petition in bankruptcy may be amended, with the amendment to relate back to the date of filing of the original petition so as to avoid the four months limitation of the act, where the amendment relates to the same transaction and clarifies and amplifies the allegations of the original petitions. *In re Ostrer,* 216 F.Supp. 133 (E.D.N.Y.1963).

■ 17. In the case at bar, the FDIC timely filed its Ex Parte Motion to Enlarge the Time to File a Complaint to Determine Dischargeability of Debt on January 21, 1986. Rule 4007(c) provides that a motion to enlarge time to file a complaint to determine dischargeability of a debt requires notice and hearing. On or about January 30, 1986, the Ex Parte Motion to Enlarge Time was returned to counsel to amend the initial filing to conform to the rules. Thereafter, the FDIC filed its *Amended* Motion to Enlarge Time, providing for a notice and a May 19, 1986 hearing on the motion. A certificate of service was filed with this Court on February 5, 1986, notifying the parties listed in said certificate of a hearing on the Motion to Extend Time in which to file a Complaint to Determine Dischargeability of Debt. On or before May 9, 1986, the Debtor had actual notice of the May 19, 1986 Section 4007(c) hearing. Under Rule 7015(c), FDIC's technical amendment to its Motion to Extend Time to File Complaint to Determine Dischargeability of Debt to conform to the requirements of Section 4007(c) relates back to January 21, 1986, a period within the 60–day period.

18. The FDIC's technical Amendment of its Motion to enlarge time in which to file a complaint to determine dischargeability of debt filed on February 5, 1986 relates back to January 21, 1986; thus, FDIC's Motion to Extend time to File Complaint to Determine Dischargeability of Debt was timely filed before the bar date.

C. Rule 5(b), Federal Rules of Civil Procedure Provides that Service by Mail is Complete Upon Mailing.

19. On February 6, 1986, the FDIC mailed to the Debtor a Notice of Hearing on the Motion to Extend Time for Filing Complaint to Determine Dischargeability as evidenced by the Certificate of Mailing filed with this Court.

20. The service by mail is complete upon mailing. FRCP 5(b). *Rifkin v. United States Lines*, 24 F.R.D. 122, 123 (S.D.N.Y.1959).

21. A proper certificate of service attached or filed with the motion raises a strong presumption of valid service. *In re Bucknum*, 105 B.R. 25 (9th Cir. BAP 1989); C. Wright & A. Miller, *Federal Practice and Procedure*, para. 1150.

22. The FDIC's Certificate of mailing of February 6, 1986, was sent to and received by the Debtor, and it informed the Debtor that the FDIC was seeking to enlarge time in which to file its complaint to determine dischargeability. The Debtor's letter of May 1986 to the Court indicates that the Debtor received actual notice of the May 16, 1986 hearing.

23. The FDIC's Certificate of Notice filed on February 5, 1986, satisfied the requirements of Rule 7005, Federal Bankruptcy Rules of Procedure, and the Court finds that the Debtor received actual notice of FDIC's May 19, 1986 hearing to extend time to file complaint to determine dischargeability of debt. The Debtor's failure to attend in person or by counsel waived the right of the Debtor to object to the proceedings.

D. The Debtor Is Not Entitled to Vacation of the Order of June 26, 1986 Based on Rule 9024, Federal Bankruptcy Rules of Procedure.

24. The Debtor moved pursuant to Bankruptcy Rule 9024 to vacate the order of June 26, 1986. Rule 9024 incorporates Rule 60(b), F.R.C.P. and the decisions decided under the Rule.

25. Rule 60(b) of Federal Rules of Civil Procedure provides:

(b) *Mistakes; Inadvertence; Excusable neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

26. The Debtor, in his Motion to Set Aside Entry of Default and for Dismissal of Case filed On October 20, 1989, moved to vacate the Order of June 26, 1986 on the specific grounds set forth in Rule 60(b)(1), (b)(2) and (b)(3). There is a "one year" limitation on the vacation of an order or judgment based on those rules. Since the Debtor filed his motion to vacate the order of June 26, 1986 more than one year after the entry of said order, this Court cannot vacate the Order of June 26, 1986 based on Rule 60(b)(1), (b)(2), or (b)(3).

27. Rule 60(b)(4), (b)(5) and (b)(6), provide that a motion to vacate an order or a judgment may be filed within a "reason-

able time." However, in the instant case, the Debtor moved to vacate the order of June 26, 1986 three years after the entry of the order.

28. After the entry of the order of June 26, 1986, the Debtor was involved in continuous litigation with the United States in *United States v. Brenesell*, Crim. 87–20074–01 (D.Kan.) which charged that the Debtor had violated 18 U.S.C. § 1014 for obtaining a loan from a FDIC insured institution based on a false and fraudulent financial statement.

29. The criminal complaint was filed against the Debtor in 1987 and the Debtor was represented by counsel.

30. The Complaint to Determine Dischargeability of Debt involved the same facts and transactions which gave rise to the allegations contained in the criminal indictment against the Debtor.

31. The Debtor pleaded guilty to the charge of obtaining a loan from a FDIC insured institution based on a false and fraudulent financial statement on June 26, 1989.

32. The Debtor was aware at all times from and after June 26, 1986 that the United States was prosecuting him based on the submission of a false and fraudulent financial statement to a FDIC-insured financial institution, which is the substance of the FDIC's Complaint to Determine Dischargeability of Debt.

33. Courts have held that a motion to set aside a judgment or order under Rule 60(b)(6) must be made within a "reasonable time". In *Yanow v. Weyerhaeuser SS Co.*, 274 F.2d 274 (9th Cir.1959), the Court held that a motion to set aside judgment of an appellate court under Rule 60(b)(6) filed eleven months after the appellate decision was rendered was not within a "reasonable time", where the movant was engaged in the interim in attempting to get the appellate judgment set aside on other ground and the movant had frequent occasions to sift the facts and record.

34. In *In re Crateo*, 536 F.2d 862 (9th Cir.1976), a motion to vacate an adjudication of bankruptcy under Rule 60(b) was denied where all of the information on which the motion was based should have been known to the bankrupt before the trial of the issue of insolvency, but the motion to vacate was not made until more than two years after the entry of judgment.

35. The fact that the Debtor was aware of the Order of June 23, 1986, and was involved with the United States and the FDIC in civil and criminal litigation involving the subject matter of the Complaint to Determine Dischargeability of Debt during the three years after the Entry of the Order of June 26, 1986, makes it "unreasonable" for the Debtor to move on October 20, 1989 to vacate the Order of June 26, 1986 under Rule 60(b)(4), (b)(5) or (b)(6). This Court will not vacate the Order of June 26, 1986 under Rule 60(b)(4), (b)(5) or (b)(6) because the Debtor failed to bring the Motion within a "reasonable time."

E. If the Order of June 26, 1986 Was Based on an "Obvious Error of Law," a Rule 60(b) Motion Must Be Made Before the Appeal Period Expired.

36. Debtor contends that FDIC did not have valid cause for the granting of an extension to file a complaint objecting to the discharge of a debt. Debtor contends that it was an error on the part of the Court to grant an extension because the only reason given was that the complaint to be filed by FDIC was being prepared by FDIC's mainland counsel and would not reach local counsel for filing until after the deadline had passed.

37. However, Rule 60(b)(1) does not provide a ground for relief from an allegedly erroneous order entered in a bankruptcy proceeding since Rule 60(b)(1) is not available as a method of correcting "judicial error". Even if Rule 60(b)(1) were applicable to correct a "judicial error", the request for Rule 60(b) relief would have been untimely since the "reasonable time" requirement of Rule 60(b) requires a motion for relief from a "judicial mistake" to be made within the time allowed for appeal. *In re Texlon Corp.*, 596 F.2d 1092 (2d Cir.1979).

38. The court in *In re Ta Chi Naviga-tion*, 728 F.2d 699 (5th Cir.1984), held that, in certain unusual circumstances, a district court may correct an "obvious error of law", such as overlooking controlling statutes or decisions pursuant to Rule 60(b), but Rule 60(b) may not be used as a substitute for the ordinary process of appeal once the appeal period has expired. The court also held that the failure of the moving party to enquire as to the status of the case for almost a year amounted to want of adequate care or ignorance of the Rules sufficient to justify denial of a Rule 60(b) motion.

39. Even if this Court erred in granting the FDIC's motion to enlarge time or granted said motion for grounds which are not provided for in the statute, the Debtor had to file his Rule 60(b) motion for relief from the alleged "judicial error" before the expiration of the time for the appeal of the order of June 26, 1986. See *Morris v. Adams–Millis Corp.*, 758 F.2d 1352 (10th Cir.1985). The time for the appeal of the order of June 26, 1986 as controlled by Bankruptcy Rule 8002 having expired, the Debtor's filing on October 20, 1989 is not timely under Rule 60(b) to correct the alleged judicial error.

40. Even if this Court denies relief to Debtor because of (a) the one-year limitation as provided for in Rules 60(b)(1), (b)(2), and (b)(3) and (b) because of the principle requiring that a Rule 60(b) motion to correct and remedy a palpable judicial "error of law" must be filed before the time for appeal from the order has expired, this Court may still vacate the order of June 26, 1986 based on Rules 60(b)(4), (b)(5) or (b)(6) if the motion was brought within a "reasonable time".

41. However, based on the record and the circumstances surrounding the Debtor's ongoing involvement with the United States and the FDIC for the entire three-year period, the Court finds that the Debtor's unexplained failure to bring the Rule 60(b) motion until three years after entry of the June 26, 1986 order is "unreasonable." During the entire period between June 1986 and June 1989, the Debtor was involved in civil and criminal litigation with the FDIC, *FDIC v. Brenesell*, Civil No. 83–2447 (D.Kan.), and with the United States, *U.S. v. Brenesell*, Criminal No. 87–20074–1, respectively.

42. On March 19, 1987, this Court held a hearing on the Debtor's dischargeability, after notice to the Debtor. At said March 19, 1987, the FDIC appeared and indicated that it had a Complaint to Determine Dischargeability of Debt pending against the Debtor.

43. The Debtor was represented by counsel in the criminal case, and the facts and transaction in the criminal case are the same as in the FDIC's pending Complaint to Determine Dischargeability of Debt.

44. Based on the circumstances herein, the Court finds that the Debtor has failed to file his Rule 60(b) motion to vacate the order of June 26, 1986 within a "reasonable time" under the circumstances of this case.

F. The Debtor Is Not Entitled to Vacate the Entry of Default of March 24, 1986.

45. Federal Bankruptcy Rule 7055 incorporates Rule 55(c) of F.R.C.P. and permits a bankruptcy court to vacate an entry of default if the Motion to set aside the default is brought within a reasonable time. J.W. Moore, *Federal Practice*, para. 55.10[1] at p. 55–53, n. 11.

46. An entry of default may be set aside for good cause shown where the defendant's failure to file his answer was due to a mistake, and the party acted promptly to cure the mistake when discovered and the defendant asserts a meritorious defense. *Nunn v. Reina*, 21 F.R.D. 573 (E.D.Pa.1958).

47. It has been held that a defendant failed to establish due diligence by failing to file a motion to vacate for a two and one-half month period between time of the motion and motion to set aside. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Co.*, 383 F.2d 249 (4th Cir.1967).

48. In the instant case, the Debtor has received the complaint, as evidenced by the Certificate of Service on January 27,

1986. The Complaint and the Summons indicated that an answer had to be filed within thirty days after service. The Debtor did not file an answer.

49. The Debtor's letter received by this Court on or before May 9, 1986, indicates that the Debtor received the FDIC's Complaint.

50. Prior to Debtor's filing of the petition in bankruptcy, the FDIC obtained a judgment against the Debtor in *FDIC v. Brenesell*, Civil No. 83–2447 (D.Kan.) on claims arising on the same transactions and facts which are the substance of the FDIC's Complaint to Determine Dischargeability of Debt.

51. On June 26, 1989, the Debtor pleaded guilty to violating 18 U.S.C. § 1014, using a false and fraudulent financial statement to obtain a loan from a FDIC-insured financial statement, which is the substance of FDIC's Complaint to Determine Dischargeability of Debt.

52. The Debtor failed to explain the three-year delay in moving to vacate the entry of default, during a period when the Debtor was represented by counsel in the criminal proceedings and during which this Court held a March 19, 1987 hearing on the Debtor's discharge and the FDIC represented that it had a complaint pending against the Debtor.

53. The Debtor's failure to move to vacate the entry of default within a reasonable time after the March 24, 1986 entry of default and the judgment against the Debtor in Civil No. 83–2447 and the guilty plea in criminal no. 87–20074–01, indicate that the Debtor has no meritorious defenses to the claims raised in the FDIC Complaint.

54. To the extent that these Conclusions of Law constitute Findings of Fact, they shall be so deemed.

## ORDER

Based on the Findings of Fact and Conclusions of Law Re: Motion to Set Aside Entry of Default and Dismissal,

IT IS HEREBY ORDERED as follows:

1. The Debtor's Motion to Vacate the Entry of Default is Denied in its entirety.

2. The Debtor's Motion to Dismiss the FDIC's Complaint is Denied in its entirety.

DATED: Honolulu, Hawaii, Dec. 1, 1989.