**In re Charles CABALLER and Lucia Elena Caballer, et al., Debtor(s).**

**COLORADO NATIONAL BANK–AURORA, Plaintiff,**

v.

**Charles CABALLER and Lucia Caballer, et al., Defendants.**

**Bankruptcy No. 90 B 5866 A. Adv. No. 90 1289 RJB.**

United States Bankruptcy Court, D. Colorado.

Nov. 5, 1990.

Warren J. Reeves, Aurora, Col., for plaintiffs.

Charles Caballer and Lucia Caballer, pro se.

MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon a PRO SE MOTION TO DISMISS COMPLAINT filed by the Defendants. A hearing was held on October 31, 1990, and following are the findings of the Court.

**576**

The bar date for filing complaints pursuant to 11 U.S.C. § 523 or § 727 was August 22, 1990. On August 17, 1990 the Plaintiff attempted to file a complaint with the Clerk of the Court. The complaint was stamped "Received" as of August 17, 1990. However, the Plaintiff failed to tender the filing fee at that time. The complaint was stamped "Filed" as of August 31, 1990, when the filing fee had been paid. The issue before this Court is whether the failure to pay the filing fee until after the bar date makes an otherwise timely filed complaint untimely.

A number of courts have had before them similar situations. In the *Matter of Boothe*, 84 B.R. 636 (Bankr.Neb.1988), the plaintiff's complaint was received by the court by the bar date, but the filing fee was insufficient; therefore, an adversary proceeding file was not opened until payment of the balance of the fee, after the bar date had passed. The court ruled that the complaint was timely filed despite the fact that the filing fee had not been paid in full. Similarly, in *In re Spearman*, 68 B.R. 25 (Bankr.E.D.N.Y.1986), the plaintiff's complaint was submitted to the court in a timely manner but was returned for failure to pay filing fees. When the complaint was re-submitted to the court with the requisite filing fee, the bar date had passed. The court ruled that "The critical act was the filing of the complaint, not the payment of the fee. Payment of filing fees is not jurisdictional." See also *In re Brenesell*, 109 B.R. 412 (Bankr.D.Hawaii, 1989).

Held that when a plaintiff submits a complaint in a timely manner before the bar date, but fails to pay the filing fee until after the bar date, the complaint is deemed timely filed.

ORDERED that the Defendants' PRO SE MOTION TO DISMISS COMPLAINT be and the same is hereby DENIED.