**In re Steven I. GORDON and Denise L. Gordon, Debtor.**

**LaPADULA GORDON & COMPANY and Daniel LaPadula, Plaintiffs,**

v.

**Steven GORDON and Denise L. Gordon, Defendants.**

**Bankruptcy No. 92–10341–BKC–SMW. Adv. No. 92–0527–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

June 16, 1992.

David Kleinberg, Coral Gables, Fla., for plaintiffs.

Bernard I. Rappaport, Miami, Fla., for defendants.

Gui Govaert, Miami, Fla., trustee.

## ORDER DENYING MOTION TO SET ASIDE DISCHARGE AND/OR MOTION FOR ACCEPTANCE OF OBJECTION TO DISCHARGE NUNC PRO TUNC AND DISMISSING CASE

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court on June 11, 1992 upon the plaintiffs' Motion To Set Aside Discharge and/or Motion For Acceptance of Objection To Discharge *Nunc Pro Tunc*, and the Court having reviewed the motion, having listened to the argument of counsel and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

On January 2, 1992 the debtors filed their joint petition under Chapter 7 of the Bankruptcy Code. The plaintiffs were listed on the debtors' Schedule F appended to their petition as creditors holding unsecured claims. Thereafter, the clerk of the court issued the Notice of Commencement apprising creditors of the estate that the § 341 meeting of creditors would be held on March 5, 1992 and establishing May 5, 1992 as the bar date for the filing of complaints objecting to discharge under 11 U.S.C. § 727(a) and of complaints to determine dischargeability under 11 U.S.C. § 523(a).

On May 4, 1992, the plaintiffs submitted a complaint objecting to the discharge of the debtors by depositing the complaint in the night depository box. The complaint was not accompanied by the requisite filing fee or by the civil cover sheet and the summonses. Accordingly, when the clerk retrieved all the documents from the night depository box on the morning of May 5, the complaint was stamped "received May 4, 1992 after 5 p.m." and it was returned to counsel for the plaintiffs via the U.S. Mail by the clerk. The complaint was received by counsel on May 8, 1992. Attached to the motion that is presently before the Court is an affidavit which states that on May 13, 1992 counsel issued a check in the amount of $120.00 evidencing the requisite filing fee, as well as a civil cover sheet and summonses to a courier with instructions to have the same filed with the clerk of the bankruptcy court. According to that affidavit, the check and the documents were, for some reason unknown to the affiant, never received by the clerk of the court. Because no complaint objecting to the discharge of the debtors was "filed" by the May 5 bar date, the debtors were issued their discharge on May 16, 1992 with a copy served to all creditors of the estate.

Subsequently, on June 2, 1992, twenty-eight days after the submission of the deficiently filed complaint, counsel for the plaintiffs personally delivered the complaint which forms the basis of this action along with the filing fee, the civil cover sheet and the appropriate summonses to the clerk of the court for filing. By way of the motion that is presently before the Court, the plaintiffs request that this Court vacate the discharge of the debtors and that the Court consider the complaint as having been timely filed on May 4, 1992 when it was deposited in the night depository box without the filing fee.

Pursuant to 28 U.S.C. § 1930(b) the Judicial Conference of the United States has prescribed a $120.00 filing fee for the filing of an adversary proceeding in a bankruptcy case. The plaintiffs contend that the payment of this fee is only incidental and that the filing of the complaint is the decisive act in determining the timeliness of this action. In support of this proposition, the plaintiffs have cited *In re Spearman*, 68 B.R. 25 (Bankr.E.D.N.Y.1986), *In the Matter of Boothe*, 84 B.R. 636 (Bankr.D.Neb.

1988) and *In re Whitfield,* 41 B.R. 734 (Bankr.W.D.Arkansas 1984).

In *Spearman,* 68 B.R. 25, the creditor submitted a complaint seeking a determination on the dischargeability of a debt within the deadline set by the court for the filing of complaints. The complaint was returned by the clerk based on the failure of the creditor to present the requisite filing fee. On the next business day the creditor returned the complaint to the clerk along with the $60.00 filing fee. In *Boothe,* 84 B.R. 636, the creditor timely submitted a complaint seeking a determination on the dischargeability of a debt, however, the filing fee was insufficient and the complaint was returned by the clerk of the court. Twenty-one days later the creditor resubmitted the complaint accompanied by the appropriate filing fee to the clerk. In *Whitfield,* 41 B.R. 734, the creditor timely filed an objection to the discharge of the debtor. The clerk returned the document to the creditor on the basis that the pleading was not properly initiated as an adversary proceeding and the creditor did not submit the filing fee. Fifteen days after the document had been returned to the creditor, the document and the filing fee were received by the clerk. The *Spearman, Boothe* and *Whitfield* courts held that the initial complaints were timely filed reasoning that the critical event is not the payment of the filing fee but, rather the filing of the complaint. *Spearman,* 68 B.R. at 26; *Boothe,* 84 B.R. at 637; *Whitfield,* 41 B.R. at 736.

This Court finds that the authorities cited by the plaintiffs are factually distinguishable from the case at hand in that a factor present in this case was not present, or not considered, in the cases posited by the plaintiffs. Namely, the debtors in this case were discharged on May 16, 1992. The plaintiffs now ask the Court to vacate the discharge and permit them to proceed with their objection pursuant to 11 U.S.C. § 727(a) despite the fact that all creditors were placed on notice that they are enjoined, pursuant to 11 U.S.C. § 524, from any further collection efforts against the debtors.

In *Spearman,* 68 B.R. at 26, and *Boothe,* 84 B.R. at 637, the debtors were faced, not with complaints objecting to their discharge, but, rather, with complaints seeking a determination on the dischargeability of particular debts. The discharge form specifically provides that the debtors are discharged from all debts with the exception of, among others, any debt declared by the court to be nondischargeable under § 523(a). Thus, even though the court in *Boothe* had directed that a discharge hearing be conducted, the successful prosecution of the adversary proceeding would not have impacted the overall discharge of the debtor in that case. Only in *Whitfield* were the debtors initially faced with an objection to their discharge; however, there is no indication in the *Whitfield* opinion that the debtors were issued their discharge before the court ruled on the timeliness of the creditor's complaint.

Given the fact that the debtors herein have been discharged, this Court finds that the request of the plaintiff, if granted, would prejudice the substantive rights of the debtors. Vacating the discharge at this juncture in order to permit the plaintiffs to proceed with their objection would risk confusion among the general creditors of this estate that the debtors have had their discharge revoked and that the creditors are free to pursue and enforce all collection remedies available to them. Indeed, this concern was cited by the Court in *In the Matter of Anderson,* 5 B.R. 47 (Bankr. N.D.Ohio 1980), when ruling on the debtor's motion to dismiss a complaint that was untimely filed. The *Anderson* court noted:

> The balance between the entitlement of the bankrupt to his discharge and the interest of creditors in avoiding such a discharge when possible fraud or other grounds exist changes as the proceedings in bankruptcy moves through its various stages. The pre-requisites for asserting a challenge to the bankrupt's discharge change accordingly and must be complied with.

*Matter of Anderson,* 5 B.R. at 50 (quoting *In re Capshaw,* 423 F.Supp. 1388, 1390–91 (D.C.Va.1977). *See also In re King,* 35 B.R. 471 (Bankr.N.D.Ill., W.D.1983).

**524**

The plaintiffs here were listed as creditors of the debtors and, by counsel's own admission, this case was monitored by counsel on their behalf. While this Court recognizes that § 727(a) seeks to strike a balance between the interest of providing the honest debtor with a "fresh start" by way of the discharge, and the creditor's interest in avoiding a discharge in the case of fraud or other reprehensible conduct, at this stage of the proceedings where the debtors have already been discharged, the Court finds that the equities balance in favor of the debtors and against the plaintiffs.

Based on the foregoing, it is hereby:

ORDERED AND ADJUDGED as follows:

1. The Motion To Set Aside Discharge and/or Motion For Acceptance of Objection To Discharge *Nunc Pro Tunc* is denied. This adversary case is hereby dismissed with prejudice.

2. Because the plaintiffs filed a duplicate motion in the main case, the Clerk of the Court is hereby directed to file a copy of this order in the main case to reflect the Court's disposition of the motion.

DONE AND ORDERED.