### In re Robert HUNT.

### Bankruptcy No. 97–11048 S.

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

May 27, 1997.

Wayne Timmons, Shreveport, LA, for creditor.

Charles Honey, Hot Springs, AR, for debtor.

Walter M. Dickinson, Little Rock, AR, Chapter 7 Trustee.

### *ORDER*

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion for Extension of Time within Which to File Complaint Objecting to Discharge, filed on May 6, 1997. This bankruptcy case was commenced on February 3, 1997, with March 6, 1997, established as the date first set for the meeting of creditors pursuant to section 341(a). Accordingly, pursuant to Rules 4004, 4007, Federal Rules of Bankruptcy Procedure, complaints to object to discharge or the dischargeability of a debt were required to be filed on or before May 5, 1997.

■ Federal Rule of Bankruptcy Procedure 4004(a) provides that complaints to determine dischargeability must be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). Rule 4004(b) states that extensions may be granted for cause. However, *"[t]he motion shall be made before such time has expired."* Thus, the rule states a statute of limitations and it is strictly construed. *In re De la Cruz*, 176 B.R. 19 (9th Cir. BAP 1994). The Court's only authority to extend the

deadline is that stated in Rule 4004 because Rule 9006, which provides for enlargements of time generally, expressly limits the Court's power to extend the deadline to file discharge complaints. *See* Fed. R. Bankr. Proc. 9006(b)(3); *In re Isaacman,* 26 F.3d 629 (6th Cir.1994); *In re Stratton,* 106 B.R. 188 (Bankr.E.D.Cal.1989). Motions to extend the time period must be made before the time for filing such complaints has expired. *Edwards v. Whitfield (In re Whitfield),* 41 B.R. 734, 736 (Bankr.W.D.Ark.1984)(Mixon, J.); *In re Biederman,* 165 B.R. 783 (Bankr.D.N.J. 1994).

Inasmuch as the time for filing the complaint or motion expired on May 5, 1997, and the motion for extension of time was filed on May 6, 1997, this Court has no authority to extend the time for filing a complaint objecting to discharge. Accordingly, the motion must be denied.

**ORDERED:** the Motion for Extension of Time within Which to File Complaint Objecting to Discharge, filed on May 6, 1997, is DENIED.

**IT IS SO ORDERED.**