**In re ALLEGHENY INTERNATIONAL, INC., Sunbeam Corporation, Sunbeam Holdings, Inc., Almet/Lawnlite, Inc., and Chemetron Corporation, Debtors.**

Bankruptcy No. 88–00448.
Motion No. 88–4872M.

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 13, 1988.

M. Bruce McCullough, Buchanan Ingersoll, P.C., Pittsburgh, Pa., for debtors.

James B. Platts, Hinsdale, Ill., for James B. Platts.

John D. Herndon, Huie, Fernambucq & Stewart, Birmingham, Ala., for Hanover Ins. Co. and East Point Veterinary Clinic.

Janet I. Steitz, Wayman, Irvin & McAuley, Pittsburgh, Pa., for Truck Ins. Exchange.

Philip J. DeBellis, John L. Juliano, P.C., East Northport, N.Y., for Frank and Julia Romani.

MEMORANDUM OPINION

JOSEPH L. COSETTI, Chief Judge.

The debtor has moved to expunge numerous claims which it alleges have been untimely filed. Various potential creditors have responded to the debtor's motion, by formally moving for leave to file late claims. Some of the motions for leave to file late claims assert that the claims were received within three (3) days of the bar date and are therefore not untimely, pursuant to Bankruptcy Rule 9006(f).[1] Other potential creditors who have moved to file late claims assert excusable neglect, pursuant to Bankruptcy Rule 9006(b)(1).[2] Notwithstanding the allegation of excusable neglect, this motion raises the issue of Bankruptcy Rule 9006(f) and will be treated as such.[3] Finally, one creditor has filed an informal response, in which he asserts that his claim was filed within three days of the bar date.[4] This response will be treated as a motion for leave to file an untimely proof of claim which raises Rule 9006(f).

Bankruptcy Rule 9006(f), in pertinent part, provides that "[w]hen there is a right or requirement to do some act ... within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period." Various potential creditors argue that this rule had the effect of extending the bar date from May 31, 1988 to June 3, 1988. In support of their position, they cite *In re Robintech, Inc.*, 69 B.R. 663 (N.D. Tex.1987). In that case, a creditor filed a proof of claim which was received two days after the bar date. The bankruptcy court held that the proof of claim was timely filed because Rule 9006(f) provided "an additional three days beyond the bar date...." *In re Robintech*, 69 B.R. at 666.

---

**1.** Truck Insurance Exchange, Claim No. 5084; Frank and Julia Romani, Claim No. 5148.

**2.** Hanover Insurance Co. and East Point Veterinary Clinic, Claim No. 4973.

**3.** Other creditors who have moved for leave to file late proofs of claim raise genuine issues of excusable neglect. These matters will be addressed in separate opinions.

**4.** James B. Platts, Claim No. 5085.

In so holding, the court specifically rejected the distinction between "a deadline on or before which they were to file claims" and a "requisite number of days within which to file a claim." *Id.*

The Official Committee of Unsecured Creditors of Allegheny International, Inc. and the Official Committee of Equity Security Holders of Allegheny International, Inc. cite *In re Wellman*, 74 B.R. 91 (Bankr. D.S.C.1985) as support for their contention that Rule 9006(f) does not extend the bar date by three days. In that case, the bar date was not a date certain, but was 90 days after the first meeting of creditors. The court held that Bankruptcy Rule 9006(f) did not extend the bar date by three days. In so holding, the court did not use its own analysis. Rather, the court cited another case, *In re Whitten*, 49 B.R. 220, 222 (Bankr.N.D.Al.1985):

> Furthermore, and perhaps controlling, is that a reading of Bankruptcy Rule 9006(f) shows that literally it does not apply to the time period for the creditor to file a proof of claim in a Chapter 13 case. The rule refers to the right to do an act within a prescribed period after service of a notice, when the notice is served by mail. The filing of a proof of claim is not within a *prescribed period* 'after service of a notice.' The filing of a proof of claim is an act within a *prescribed period* of '90 days after the first date set for the meeting of creditors.' It is the date set for the meeting of creditors which triggers the running of the time for the filing of the proofs of claim—not the mailing of the notice by the Clerk of Court.

However, we do not find the rationale of *In re Whitten* enlightening.

The Advisory Committee Note to Rule 9006 states that "[s]ubdivision (f) is new and is the same" as Fed.R.Civ.P. 6(e), which our circuit has recently interpreted. In *Mosel v. Hills Department Store, Inc.*, 789 F.2d 251 (3d Cir.1986), the plaintiff-appellant filed suit 91 days after receiving a right-to-sue letter from the Equal Opportunity Commission; the relevant legislation mandated filing the suit within 90 days of receiving such letter. The plaintiff-appellant contended that the 90–day period was extended by Fed.R.Civ.P. 6(e). In affirming the district court's dismissal, the court of appeals declared that Fed.R.Civ.P. 6(e) "applies only where a time period is measured from the date of service by mail, and allows a party so served additional time to respond, in order to account for the time required for delivery of the mail." *Mosel v. Hills*, 789 F.2d at 252. The court of appeals noted that the relevant statute required suit within 90 days of receipt of the right-to-sue letter, but that Fed.R.Civ.P. 6(e) applies only in situations where a time period begins to run upon service of notice.

■ Because Bankruptcy Rule 9006(f) is identical to Fed.R.Civ.P. 6(e), *Mosel v. Hills* controls the instant case. In *Mosel*, the court of appeals held that Fed.R.Civ.P. 6(e) was inapplicable to a statutory requirement to commence a lawsuit within a specified period of time. This is analogous to the instant case, where service of a notice did not trigger the running of a prescribed time period. Rather, a deadline for filing proofs of claim was established by order of court. Thus, Rule 9006(f) is inapposite to the case at bar.

■ Some creditors have also argued that filing a proof of claim is complete upon mailing, so that any proofs of claim mailed on or before the bar date were timely. In support of this position they cite Bankruptcy Rule 9006(e), which provides that "service of process and service of any other paper other than process or of notice by mail is complete on mailing." However, Bankruptcy Rule 5005(a) provides that "proofs of claims ... and other papers required to be filed by this rule ... shall be filed with the clerk...." In this connection, "claims are not considered filed until actually received by the clerk and filed." *In re Robintech*, 69 B.R. at 665. Therefore, the mailbox rule is inapplicable to the filing of proofs of claim.

■ Finally, some creditors assert that the debtor will not be prejudiced by the filing of proofs of claim within three days after the bar date. However, our circuit has unequivocally held that bankruptcy

courts lack the discretion to extend the time to file proofs of claim after the bar date has passed, notwithstanding lack of prejudice to the debtor. *Vertientes, Ltd., v. Internor Trade, Inc. (In re Vertientes),* 845 F.2d 57 (3d Cir.1988). Excusable neglect is the only basis for allowing the late filing of a proof of claim. Because none of the potential creditors referred to in this opinion have shown excusable neglect, their motions for leave to file a late proof of claim are denied.