**In re Gerald R. PAUL, Debtor.**

**Bankruptcy No. 86–04768–H11.**

United States Bankruptcy Court,
S.D. California.

June 9, 1989.

David L. Buchbinder, San Diego, Cal., for debtor.

Robert H. Plaxico, Asst. U.S. Atty., San Diego, Cal., Greg Addington, Trial Atty., Tax Div. U.S. Dept. of Justice, Washington, D.C., Karen Nicholson Sommers, Special Asst. U.S. Atty., San Diego, Cal., for I.R.S.

## ORDER

PETER WENTWORTH BOWIE, Bankruptcy Judge.

This matter is before the Court to resolve whether ballots filed by HBMC Partners and the IRS should be counted in the voting on debtor's plan of reorganization. Both creditors timely filed objections to confirmation of debtor's plan. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and General Order 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L), (O).

Creditors were sent notice by debtor of the date set for hearing on confirmation of the plan. The notice included the deadline for filing objections to the plan. Clearly set out in a separate paragraph was the following:

> 3. Pursuant to Local Bankruptcy Rules of Procedure, Rules 3017 and 3018, acceptance or rejection of the Plan may be filed in writing by the holders of all claims in interest impaired by said Plan on or before October 6, 1988.

The ballot of HBMC Partners, which would reject the plan, was hand delivered to counsel for debtor on October 11, 1988. The IRS ballot, also rejecting the plan, was placed in the mail to debtor's counsel not earlier than October 6, 1988. It was sent to an address not valid for several years, and was returned to sender. It was received by counsel for debtor on October 12, 1988.

■ Bankruptcy Rule 3018(c) contemplates that acceptances or rejections shall be "filed." Bankruptcy Local Rule 3018–2(a) expressly provides in pertinent part:

> The notice of hearing on confirmation of a Chapter 11 plan shall contain a statement advising creditors to file their acceptances or rejections with the attorney for the proponent of the plan.

The IRS ballot was placed in the mail on the date the ballot was required to be filed with counsel for the plan proponent under Bankruptcy Local Rule 3018. However, placing an item into the mails is not a filing. *In re Allegheny Intern., Inc.,* 93 B.R. 910, 923 (Bankr.W.D.Pa.1988); *cf. United States v. Lombardo,* 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916). In the latter case, the Supreme Court observed:

> A court is constrained by the meaning of the words of a statute. They mark the extent of its power, and our attention has not been called to any case which decides that the requirement of a statute, whether to secure or preserve a right or to avoid the guilt of a crime, that a paper shall be filed with a particular officer, is satisfied by a deposit in the postoffice at some distant place. To so hold would create revolutions in the procedure of the

law and the regulation of rights. In instances it might, indeed, be convenient; in others, and most others, it would result in confusion and controversies; and we would have the clash of oral testimonies for the certain evidence of the paper in the files. 241 U.S. at 78, 36 S.Ct. at 510. Nor does the fact that the debtor mailed the notice and ballot to the creditor extend the time for filing under Bankruptcy Rule 9006(f). *Matter of Robintech, Inc.*, 863 F.2d 393 (5th Cir.1989); *In re Allegheny Intern., Inc.*, 93 B.R. 910 (Bankr.W.D.Pa.1988).

■ From the foregoing, it is clear that the ballots of HBMC Partners and the IRS were filed late, although prior to the confirmation hearing. Accordingly, the next question is whether there is a basis for allowing the late-filed ballots to be counted.

Debtor has cited the Court to *In re Rite Autotronics Corp.*, 27 B.R. 599 (9th Cir. BAP 1982) for the proposition that creditors herein must establish that their failure to timely file their ballots was the result of excusable neglect, mistake or inadvertence. 27 B.R. at 603. Neither HBMC Partners nor the IRS has cited the Court to authority establishing a test to be applied in the present circumstances.

In effect, creditors are asking this Court to enlarge the time within which their ballots can be filed. Moreover, they make their request after the time to file has expired. Because enlargement of time under Bankruptcy Rule 3018 is not prohibited or limited by Bankruptcy Rule 9006(b)(2), (3) it would appear that Rule 9006(b)(1) would apply. In pertinent part, it provides:

... [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

The conclusion that Rule 9006(b)(1) applies to the instant situation is bolstered by the recent decision, *In re Dix*, 95 B.R. 134 (9th Cir. BAP 1988). In that case, the court found that Rule 9006(b)(1) applied to motions to allow late-filed claims, particularly where the request was made after the claims bar date.

*In re Dix* is also instructive on what constitutes excusable neglect. The court wrote:

The Ninth circuit has noted that there are two standards of excusable neglect, one "strict" and one "liberal", and their application depends upon the procedural context in which the extension is sought. *In re Magouirk*, 693 F.2d 948, 950 (9th Cir.1982). In *Magouirk* the court noted that excusable neglect is generally liberally construed "in those instances where the order or judgment forecloses trial on the merits of a claim," such as a motion to set aside a default judgment under Fed.R.Civ.P. 60(b). *Id.* at 951. Where, however, the purpose of the extension sought is to review the propriety of a decision on the merits, such as in the context of a late filed notice of appeal, the term excusable neglect must be strictly interpreted.

95 B.R. at 137–138 (footnote omitted).

The *Dix* court concluded that "disallowance of a late filed proof of claim forecloses trial on the merits of a claim...." 95 B.R. at 138. Accordingly, the court found "that the liberal construction of excusable neglect should be applied...." *Id.* This Court believes that the consequences of failure to consider a late-filed ballot rejecting a proposed plan of reorganization is more analogous to a late filed proof of claim than a late filed notice of appeal. Accordingly, the liberal construction of excusable neglect should similarly apply.

The *Dix* court stated that in determining whether excusable neglect existed in an individual case:

consideration of a broad range of factors is appropriate:

(1) whether granting the delay will prejudice the debtor;

(2) the length of the delay and its impact on efficient court administration;

(3) whether the delay was beyond the reasonable control of the person whose duty it was to perform;

(4) whether the creditor acted in good faith; and

(5) whether clients should be penalized for their counsel's mistake or neglect.

95 B.R. at 138.

In *Dix* the relevant facts were that the creditor's motion to extend time to file both a complaint objecting to dischargeability and a proof of claim was filed two years after the bar date. The court found that the creditor had not known of his claim at the time of the bar date, but did learn of it approximately one year later, or about a year before he filed his motion for extension of time. Nevertheless, the Bankruptcy Appellate Panel found that the creditor had established excusable neglect under the liberal test.

In the instant case the ballots were required to be filed on October 6, 1988. The confirmation hearing was noticed for October 17, 1988. Objections to confirmation were required to be filed by October 10. However, since October 10 was a holiday, October 11 was the last date to file objections to confirmation. Both the IRS and HBMC Partners did timely file objections to confirmation on October 11. The HBMC Partners ballot was hand delivered to debtor's counsel on October 11. The IRS ballot was originally mailed October 6, albeit to a long-expired address. It was returned by the Postal Service to the IRS, and remailed to the correct address and received on October 12. Debtor's ballot summary and Rule 3018 report were filed with the court on October 14, 1988, three days prior to the confirmation hearing. Debtor acknowledged receipt of both late ballots in the documents and showed the tally including the late ballots, but with annotated asterisks.

Applying the *Dix* factors to the present circumstances, it is clear that no delay in administering the case, as such is involved. No "prejudice" to the debtor was occasioned by any delay in the filing. Nor was debtor misled about the positions of the two creditors, because each timely filed an objection to confirmation of the plan.

The only element of the *Dix* factors which does not favor the creditors in this case is the third one, "whether the delay was beyond the reasonable control of the person whose duty it was to perform...." Neither creditor has provided the court with any facts relevant to this element. However, this Court concludes that the absence of evidence on this factor is not fatal to the creditors' positions.

In sum, this Court concludes that the late filing of the ballots caused neither delay nor prejudice to the debtor. There is no suggestion that either creditor was acting in bad faith in filing its ballot late. Nor should the clients be penalized under the instant circumstances.

Accordingly, this Court holds that both HBMC Partners and the IRS have sufficiently established excusable neglect within the rationale of *Dix* to allow their late filed ballots to be counted.

IT IS SO ORDERED.