OPINION OF THE COURT
 

 GREENBERG, Circuit Judge.
 

 Chrysler Motors Corporation appeals from an order entered in the district court on December 3, 1990, affirming an order of the bankruptcy court disallowing Chrysler’s proof of claim in this Chapter 11 case. The district court had jurisdiction under 28 U.S.C. § 158(a) and we have jurisdiction under 28 U.S.C. § 158(d).
 

 The facts are undisputed. On July 19, 1989, the debtor-appellee, Jerome Schneid-erman, filed a petition under Chapter 11 listing Chrysler as an unsecured creditor with a disputed claim of $519,333.85. Schneiderman sent a copy of this petition to Chrysler’s attorney. The bankruptcy court pursuant to Bankr.R. 3003(c)(3) set November 29, 1990, as the date by which proofs of claims were to be filed. Thereafter Susan K. Struthers, Manager-Special Credit Projects for Chrysler in Michigan, prepared a proof of a nonpriority claim on Chrysler’s behalf against Schneiderman for $519,333.85, which she gave to Bernadette Fitzpatrick, the credit clerk, for typing.
 
 [1]
 
 Fitzpatrick also prepared an envelope for mailing the claim to the clerk of the bankruptcy court at an appropriate address in Trenton, New Jersey. Struthers signed the claim and mailed it to the bankruptcy clerk by regular mail on August 22, 1990, and it was never returned to Chrysler as undelivered. While we do not know whether the claim was ever delivered in Trenton, there is no record in the bankruptcy court that the proof of claim was received and it is not included in the court file.
 

 On March 22, 1990, Schneiderman moved to disallow the claim as it had not been filed with the clerk of the court. When the matter came on before the bankruptcy court, it disallowed the claim in a bench opinion. The court assumed that the proof of claim was mailed but held that “mailing alone does not constitute filing,” as filing requires delivery to the court. It further held, citing
 
 In re Vertientes,
 
 845 F.2d 57 (3d Cir.1988), that Chrysler’s neglect in failing to file the claim was not excusable under Bankr.R. 9006(b)(1) and thus it did not permit Chrysler to file a late claim.
 

 Chrysler appealed to the district court which affirmed the order of the bankruptcy court in a comprehensive unreported opinion. The district court indicated that Chrysler advanced three contentions. First, there was a rebuttable presumption that the proof of claim was received and filed, as it had been timely and accurately mailed and, as the presumption had not been rebutted, the claim was validly filed. Second, the time for filing the claim should be enlarged under Bankr.R. 9006(b)(1), as Chrysler’s failure to file the claim was the product of excusable neglect. Third, Schneiderman should be estopped from obtaining an order dismissing the claim.
 

 The district court pointed out that under Bankr.R. 3003(c)(2) and (3) and Bankr.R. 5005(a), Chrysler was obliged to file its proof of claim within the period set by the bankruptcy court with the clerk of that court. While the district court acknowledged that in some circumstances courts other than this court have indicated “that a mailing raises a rebuttable presumption of filing,” it indicated that we have “strictly interpreted the rules requiring the filing of a proof of claim under the bankruptcy code,” citing
 
 In re Pigott,
 
 684 F.2d 239, 242-43 (3d Cir.1982);
 
 In re Super Electric Prods. Corp.,
 
 200 F.2d 790, 793 (3d Cir.
 
 *913
 
 1953); and
 
 In re Supernit, Inc.,
 
 186 F.2d 130, 132-33 (3d Cir.1950). The district court then said “restrictiveness is necessary in order to facilitate the expeditious administration of bankruptcy proceedings so that creditors do not have to wait an interminable length of time before a court determines their voting and distribution rights.” Thus, citing
 
 Super Electric Products,
 
 200 F.2d at 792, it stated that “the courts in this circuit have not permitted a rebuttable presumption of receipt to arise by the mere act of mailing a proof of claim.” Accordingly, exercising plenary review, the district court concluded that Chrysler failed to meet the filing requirement under Bankr.R. 3003(c)(2), as it did not establish that the clerk received the proof of claim.
 

 The district court further held that the bankruptcy court did not abuse its discretion in refusing to extend the time for filing the claim, as Chrysler could have ascertained whether the claim had been received and its failure to do so was not beyond its reasonable control, citing,
 
 inter alia, In re South Atlantic Financial Corp.,
 
 767 F.2d 814, 818 (11th Cir.1985),
 
 cert. denied,
 
 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986). Finally it held, citing
 
 Tile, Marble, Terrazzo, etc. Int’l Union v. Tile, Marble, Terrazzo, etc. Local 32,
 
 896 F.2d 1404, 1420 n. 28 (3d Cir.1990), and
 
 Newark Morning Ledger Co. v. United States,
 
 539 F.2d 929, 932-33 (3d Cir.1976), that it would not consider Chrysler’s equitable estoppel claim as it was first raised on appeal. This appeal followed.
 

 On this appeal Chrysler points out that the Supreme Court held in
 
 Hagner v. United States,
 
 285 U.S. 427, 430, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932), “that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed” and it urges that we apply that presumption here. Chrysler further contends it had no obligation physically to place the proof of claim in the appropriate file in the clerk’s office. Accordingly, inasmuch as the rebuttable presumption that the claim was received was not rebutted, the proof of claim, even if mislaid by the bankruptcy court, must be regarded as properly filed and we should accordingly reverse the district court.
 
 [2]
 

 Chrysler further asserts that the district court erred in determining that it had to satisfy the “excusable neglect” standard of Bankr.R. 9006(b) to be granted an extension to file a claim. It points out that Bankr.R. 3003(c)(3) provides that in Chapter 9 and Chapter 11 cases the court fixes, and “for cause shown may extend,” the time within which proofs of claim may be filed. It contrasts this provision with Bankr.R. 3002(c), applicable in Chapter 7 and Chapter 13 cases, which in general provides for proofs of claim to “be filed within 90 days after the first date set for the meeting of creditors.” Chrysler draws the distinction that while there are provisions for extensions in Bankr.R. 3002(c) in particular circumstances, that rule has no provision comparable to the more expansive extension authorization in Bankr.R. 3003(c)(3), and thus, unlike Bankr.R. 3003(c)(3), does not contain its own standard for allowance of extensions to file claims. Therefore, in Chrysler’s view, while the “excusable neglect” standard of Bankr.R. 9006(b)(1) is applicable for extension applications under Bankr.R. 3002(c), a less convincing showing will satisfy the “for cause” standard of Bankr.R. 3003(c)(3), applicable in this Chapter 11 case. It urges that, in any event, it satisfied even the more demanding “excusable neglect” standard.
 

 Finally, Chrysler contends that the district court should have entertained its equitable estoppel argument, as that doctrine “is unique in that it can be raised at any time during a proceeding,” and the district court’s “review of a Bankruptcy Court determination is properly very broad in scope.” On the merits, it contends that the estoppel argument is “compelling” because
 
 *914
 
 it “at no time [was] notified that its Proof of Claim had been lost in the mails or misfiled. It had no contrary indication, after having performed all its duties, that its position as creditor had been abrogated.” Then when served with the motion to disallow its claim, it “responded promptly” and “has continued to diligently pursue relief.”
 

 We are in full accord with the district court in its rejection of Chrysler’s rebuttable presumption contention for the reasons the court set forth which we described above.
 
 [3]
 
 We also point out that while Bankr.R. 5005(a) states that proofs of claims “shall be filed with the clerk,” Bankr.R. 9006(e) provides that service of certain papers by mail is deemed complete on mailing.
 
 See In re Allegheny Int’l Inc.,
 
 93 B.R. 910, 912 (Bankr.W.D.Pa.1988). The reference to the use of the mails for service demonstrates that the framers of the rules knew how to provide for such use to complete a delivery and thus gives rise to an inference that filing within Bankr.R. 5005(a) means actual filing. Clearly, there is a sharp distinction between service of papers among parties and the filing of papers with the court.
 

 We are further informed in our result by
 
 Taylor v. Freeland & Kronz,
 
 938 F.2d 420 (3d Cir.1991), a Chapter 7 bankruptcy case involving a claim in a schedule by the debt- or, Davis, that the potential proceeds of a pending discrimination suit were exempt. While the bankruptcy case was proceeding the trustee, Taylor, wrote Davis’s attorneys asserting that the net proceeds of the suit were an asset of the estate. But neither he nor any other person filed a formal objection to the claimed exemption as required by 11 U.S.C. § 522 which, as implemented by Bankr.R. 4003(b), requires an objector to file an objection to a claim of exemption, failing which the claim of exemption is allowed. After the discrimination suit was settled, the proceeds of the settlement were distributed outside of the bankruptcy estate. When Taylor became aware of this, he filed a complaint in the bankruptcy court against Davis and her attorneys to avoid the post-petition transfers and to recover either the property transferred or its value. Taylor was successful in both the bankruptcy and district courts but Davis’s attorneys appealed to this court.
 

 We held that the “statute and rule establish a strict procedure for objections to claimed exemptions,” so that “[t]heir import is clear and they admit of no exception.” Thus, unless an objection is filed within the allowed period, “the property claimed as exempt by the debtor is exempt.”
 
 Taylor v. Freeland & Kronz,
 
 at 423. Accordingly, we rejected two lines of cases from other circuits which held that an objection is not necessary if the claim is invalid or if the debtor did not have a good faith statutory basis for it. In language particularly germane here, we observed that the time limits of the statute and bankruptcy rule “serve the dual purposes of finality and certainty. In the bankruptcy context, the need for finality and certainty is especially acute.” At 425. While we recognized that our result could grant a debtor an “undeserved windfall” we pointed out that “[t]hat is true of enforcement of all procedural rules_” At 426.
 

 We adhere to the
 
 Taylor
 
 approach. A mailing in itself is not a filing. If we adopted the rebuttable presumption rule we would greatly complicate bankruptcy administration, as it would be uncertain in many cases whether a scheduled creditor failed to file a proof of claim because of an oversight or because it was abandoning its claim. We also point out that a creditor can protect itself with minimal expense through the use of certified mail with a return receipt requested when filing a proof of claim or, if convenient, can provide for manual filing across the counter in the clerk’s office. Furthermore, a rebuttable presumption rule would easily permit a creditor which failed to file a proof of claim
 
 *915
 
 to fabricate evidence, not easily disprpva-ble, that it had been properly mailed.
 
 [4]
 

 Hagner v. United States,
 
 285 U.S. 427, 52 S.Ct. 417, on which Chrysler relies, certainly does not compel a contrary result.
 
 Hagner
 
 was a criminal case in which the defendants were charged under a provision of the District of Columbia Criminal Code interdicting the causing of the delivery of mail to defraud. The letter was mailed in Pennsylvania but according to the indictment was to be sent and delivered in the District of Columbia. The defendants were convicted but moved to arrest the judgment on the ground that the indictment did not allege that they specifically caused the letter to be delivered by mail. The motion was overruled and the conviction was affirmed by both the Court of Appeals of the District of Columbia and the Supreme Court. Accordingly, the statement by the Supreme Court that there is a presumption that a properly directed letter placed in a post office reached its destination in usual time and was actually received by the addressee, was made in a completely different context than that in this case. The Court was not concerned with a situation in which a proper mailing was the predicate for a claim that a document was filed as required by a rule of court.
 
 [5]
 

 Chrysler’s contention that the district court and bankruptcy court erred in using the “excusable neglect” standard of Bankr.R. 9006(b)(1) need not long detain us, for in
 
 In re Vertientes,
 
 845 F.2d 57, we held that in a Chapter 11 case when a creditor seeks an extension under Bankr.R. 3003(c)(3) to file a proof of claim, that standard applies. Indeed, Chrysler acknowledges this point as it urges that while
 
 Vertientes
 
 “applied the Rule 9006 excusable neglect standard in the facts presented in [that] case[], that construction of the Rules is illogical and should not be followed.” Of course, we will follow
 
 Ver-tientes,
 
 which we note is in accord with the weight of authority.
 
 See
 
 8
 
 Collier on Bankruptcy
 
 113003.05 at 3003-12 (15th ed. 1990).
 

 On the merits, we find no basis to conclude that there was excusable neglect.
 
 [6]
 
 Indeed, it is difficult to characterize this case as involving neglect by Chrysler at all. Struthers very carefully prepared the proof of claim and mailed it to the clerk of the court at a proper address long in advance of the bar date. Therefore, this case involves a conscious selection of a delivery procedure which we do not doubt is regularly used to file proofs of claims rather than a neglectful oversight. The conduct here thus may be contrasted with the excusable neglect found in
 
 Consolidated Freightways Corp. v. Larson,
 
 827 F.2d 916 (3d Cir.1987),
 
 cert. denied,
 
 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988), in which a notice of appeal was filed in the wrong district because the notice was erroneously prepared. Furthermore, assuming that we could consider the conduct of the postal authorities or the office of the clerk of the bankruptcy court in an excusable neglect analysis, Chrysler’s position would not be helped, as we have no idea what happened to the envelope containing the proof of claim after it was mailed.
 

 In any event, even if we characterized Chrysler’s choice of methods to attempt to file its claim as neglect, the bankruptcy and district courts did not err in not finding it excusable. As we have already indicated, Chrysler could have easily at minimal expense used certified mail, return receipt requested, to file its proof of claim.
 
 *916
 
 Moreover, it offers no excuse for its failure to contact the office of the clerk to ascertain whether notice of its sizable claim had been received. If we held that it should be allowed an extension to file its claim simply because it properly and timely mailed it, as a
 
 defacto
 
 matter we would be adopting the rebuttable presumption rule we have already rejected, albeit with a different label. This would be because an “excusable neglect” extension would simply replace the rebuttable presumption of delivery when a proper mailing was established and the proof of claim was not received.
 

 We will assume without deciding that Chrysler preserved its final argument, that Schneiderman should be estopped from obtaining the order disallowing its claim. However, we reject it on the merits.
 
 [7]
 
 As Chrysler explains in its brief, the basis for the estoppel is that it was never notified that its proof of claim “had been lost in the mails or misfiled.” Chrysler would thus implicitly place a burden on Schneiderman to make sure that Chrysler had protected itself. We are aware of no support for this remarkable concept. What Chrysler does not allege is that Schneider-man affirmatively led it to believe that the claim had in fact been filed.
 
 See In re Vertientes,
 
 845 F.2d at 61.
 

 The order of December 3, 1990, will be affirmed.
 

 [1]
 

 . Struthers described her activities in an affidavit which we accept as true. The claim was predicated on guarantees Schneiderman had given on behalf of International Motors Corp.
 

 [2]
 

 . Chrysler does not contend that we should adopt a "mailbox rule” that filing is complete on mailing.
 
 See In re Allegheny Int’l, Inc.,
 
 93 B.R. 910 (Bankr.W.D.Pa.1988) (rejecting the "mailbox rule” as to proofs of claims).
 

 [3]
 

 . Inasmuch as the rebuttable presumption contention raises an issue of law, we are exercising plenary review on this issue.
 

 [4]
 

 . We do not in any way suggest by this observation that we question Struthers’s integrity.
 

 [5]
 

 . We also point out that in
 
 Hagner
 
 the record before the Supreme Court was limited and it therefore assumed "that every essential element of the offense was sufficiently proved, and that the question as to the delivery of the letter was submitted under appropriate instructions to the jury.” It also limited its reliance on the presumption of delivery by its suggestion that the indictment might have been open to some form of challenge at an earlier stage of the case. 285 U.S. at 433, 52 S.Ct. at 420.
 

 [6]
 

 .While we are exercising plenary review to the extent that we review the order of the district court, we are effectively using the abuse of discretion standard on this point, as what is actually involved is a review of the order of the bankruptcy court.
 

 [7]
 

 . We will assume that our standard of review on this point is plenary. While it in fact may be deferential, this assumption cannot prejudice Chrysler.
 
 See United States v. Moscony,
 
 927 F.2d 742, 748 n. 5 (3d Cir.1991).