In re Lois M. DELVECCHIO, Debtor.

CITIBANK (SOUTH DAKOTA)
N.A., Plaintiff,

v.

Lois M. DELVECCHIO, Defendant.

MANUFACTURERS HANOVER
TRUST CO., Plaintiff,

v.

Lois M. DELVECCHIO, Defendant.

Bankruptcy No. 5–91–00448.
Adv. Nos. 5–91–0087, 5–91–0088.

United States Bankruptcy Court,
M.D. Pennsylvania.

Oct. 14, 1992.

Geoffrey L. Steiert, Collingswood, NJ, for Citibank N.A., Manufacturers Hanover.

Randall W. Turano, Stroudsburg, PA, for debtor/defendant.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

This matter comes before the court on the debtor's motion for judgment on the pleadings relative to the following scenario.

Lois Delvecchio filed for relief under Chapter 7 on March 21, 1991. On April 4, 1991, a 341 notice was circulated setting a deadline for filing objections to discharge as July 9, 1991.

■ Counsel for the Plaintiffs, Geoffrey L. Steiert, mailed complaints objecting to discharge relative to both plaintiffs to the clerk of the bankruptcy court on July 3, 1991. No evidence of having received the complaints are noted by the clerk until it appears on the docket entry dated July 12, 1991. The plaintiff asserts that the customary mailing time of two days between counsel's office in New Jersey and the clerk's office in Wilkes–Barre should have allowed for the timely filing of the complaint. The defendant/debtor asserts that a late complaint, for whatever reason, is untimely and cannot be considered.

The Federal Rules of Bankruptcy Procedure, Rule 4004(a) reads as follows:

In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). In a chapter 11 reorganization case, such complaint shall be filed not later than the first date set for the hearing on confirmation. Not less than 25 days notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

The bankruptcy courts have, heretofore, considered whether the "date of mailing" or the date a document is received by the clerk shall govern whether a complaint objecting to discharge has been "timely filed". These courts appear to agree that filing is not complete until the complaint objecting to discharge is received by the court. *In re Petersen*, 15 B.R. 598 (Bankr. N.D. IA 1981). *In re Horvath*, 20 B.R. 962 (Bankr.S.D. NY 1982). *In re Brenesell*, 109 B.R. 412 (Bankr.HI 1989).

The Horvath case is closely related to the case at issue and held that a complaint by a creditor bank was untimely when received subsequent to the filing deadline despite the fact that it was mailed five (5) days prior to that deadline.

Our Third Circuit has spoke to this issue in the case of *Chrysler Motors Corporation v. Schneiderman*, 940 F.2d 911 (3rd Cir.1991). In discussing whether a proof of claim mailed months prior to the deadline but never docketed with the clerk was "timely filed", the Court rejected the concept that mailing could be the equivalent of a "filing". Citing from the district court, the circuit reiterated that "restrictiveness is necessary in order to facilitate the expeditious administration of bankruptcy proceedings ..." Id. at page 913.

■ Nor can the plaintiff rely on "excusable neglect" for its failure to file the complaint prior to the deadline enunciated in the 341 notice. Excusable neglect is defined as a failure to timely perform a duty due to circumstances which are beyond the reasonable control of the person whose duty it was to perform. *In re Horvath*, 20 B.R. 962 (Bankr.S.D. NY 1982) at page 966.

Personal delivery would have insured a timely filing.

Nevertheless, the plaintiffs chose to rely on regular mail to effect a timely filing. If verification of receipt by the clerk could not be obtained, there was ample opportunity to utilize one of the multitude of "overnight" delivery services to cause the complaints to be filed on or before the deadline. This was well within the control of plaintiffs' counsel.