In re John BOZEMAN.

KWHK BROADCASTING
CO., INC., Plaintiff,

v.

Mack SANDERS, Defendant.

Bankruptcy No. 97–60480 S.
Adversary No. 98–6011.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

April 6, 1998.

---

Byron Rhodes, Hot Springs National Park, AR, for Debtor.

Bruce Woner, R. Patrick Riordan, Topeka, KS, for Plaintiff.

Mack Sanders, Hot Springs, AR, Pro se.

Adam Williams, Hot Springs, AR, for Plaintiff.

## ORDER DENYING MOTION TO AMEND

MARY D. SCOTT, Bankruptcy Judge.

■ THIS CAUSE is before the Court upon the plaintiff's Motion to Amend filed on March 24, 1998. The motion being untimely, this Court is without discretion to grant the amendment. In December 1995, two radio stations, KWHK Broadcasting Co., Inc. ("KWHK") and KBHS Broadcasting Co., Inc. ("KBHS") filed suit in the Kansas district court against Mack Sanders. Case No. 95–1575 was by KWHK against Mack Sanders for recission, damages, and breach of fiduciary duty. Case No. 95–1574, was by KBHS Broadcasting against Sanders and others for similar breaches of contractual obligations.[1] The cases were consolidated for discovery purposes only.

■ May 28, 1997, John Bozeman filed a chapter 13 bankruptcy, but did not schedule these plaintiffs nor advise the Kansas court of the case. Bozeman also inadequately discloses on his bankruptcy petition that he is known by other names, including Mack Sanders.[2] On October 21, 1997, the case was converted from chapter 13 to chapter 7 and a trustee appointed. The last day to object to discharge or dischargeability was January 20, 1998. Based upon timely motions properly filed in the main case file, extensions were

---

1. Several of the defendants in separate proceeding No. 98–6010 are corporate defendants. Mack Sanders and others have apparently filed pleadings on their behalf. Like the Kansas district court, the Court advises the debtor that this constitutes the practice of law without a license, a violation of Arkansas law. It is well-settled that corporations must be represented by counsel in order to appear in federal court. *See, e.g., Ackra Direct Marketing Corp. v. Fingerhut Corp.,* 86 F.3d 852 (8th Cir.1996); *United States v. Van Stelton,* 988 F.2d 70, 70 (8th Cir.1993); *Carr Enters., Inc. v. United States,* 698 F.2d 952, 953 (8th Cir.1983); *In re Brown (Brown v. Granite Financial Services Corp.),* 1997 WL 311508 (Bankr.E.D.Ark. May 5, 1997); 28 U.S.C. § 1654.

2. Although the petition does not recite, as is required under the Federal Rules of Bankruptcy Procedure, all of the debtor's names, a scrutiny of the main case file reveals that Mack Sanders and John Bozeman are the same person. It is incumbent upon the debtor to amend his schedules to reflect all names by which he is known to adequately provide notice of this bankruptcy case. Fed.R.Bankr.P. 1005. It is also confusing to the Court, and, presumably, to the creditors, that Mack Sanders and John Bozeman have different addresses and that John Bozeman has a different address for purposes of the separate adversary proceedings from that reflected in the main case file.

granted to KWHK and KBHS to March 23, 1998. The Orders granting the extension were prepared by these entities and submitted to the Court for signature. The Orders provide:

> that the deadline ... to file a complaint objecting to the discharge of the debtor or to determine the dischargeability of certain types of debts is continued for thirty (30) days, to and including March 23, 1998.

*In re Bozeman,* No. 97–60480, docket entries 45, 46 (Bankr.E.D.Ark. Feb. 27, 1998).

■ On February 25, 1998, the Kansas district court transferred the cases pending against Mack Sanders to this Court. *KWHK Broadcasting Co. v. Sanders* was assigned AP No. 98–6011 and *KBHS Broadcasting Co. v. Sanders* was assigned AP No. 98–6010. Rather than filing separate complaints objecting to discharge and dischargeability, on March 24, 1998, KWHK and KBHS filed[3] motions to amend the complaints in these pending adversary proceedings. The proposed amended complaints, properly appended as exhibits to the motions, state causes of action under sections 523(a) and 727(a).

■ Federal Rule of Bankruptcy Procedure 4007(c) provides that complaints to determine dischargeability must be filed "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a) ... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired." Similarly, Rule 4004(a) provides a time limitation for filing objections to discharge. Both of these rules state statutes of limitations and these are strictly construed. *In re De la Cruz,* 176 B.R. 19 (9th Cir. BAP 1994). Indeed, the Court's only authority to extend the deadline is that stated in Rules 4004 and 4007. Rule 9006, which provides for enlargements of time generally, expressly limits the Court's power to extend the deadline to file discharge and dischargeability complaints. *See* Fed. R.Bankr.Proc. 9006(b)(3); *In re Isaacman,* 26 F.3d 629 (6th Cir.1994); *In re Stratton,*

106 B.R. 188 (Bankr.E.D.Cal.1989). Motions to extend the time period must be made before the time for filing such complaints has expired. *Edwards v. Whitfield (In re Whitfield),* 41 B.R. 734, 736 (Bankr.W.D.Ark.1984) (Mixon, J.); *In re Biederman,* 165 B.R. 783 (Bankr.D.N.J.1994).

■ On March 23, 1998, the time for filing complaints objecting to the discharge or dischargeability of debts expired. On that date, the Court lost the ability to further extend the time period such that any complaints based on Bankruptcy Code sections 523(a) or 727(a) were untimely. While the Court does not believe that a motion to amend the existing complaint suffices as the filing of a complaint objecting to either discharge or dischargeability of a debt, that issue need not be expressly decided. Since the motion to amend was itself untimely, the Court has no authority to grant the motion. Accordingly, it is

**ORDERED** that the plaintiff's Motion to Amend filed on March 24, 1998, is Denied.

**IT IS SO ORDERED.**

---

**3.** A document is filed when it is delivered and received into the custody of the clerk, not merely sent through the United States mails. *Chrysler Motors Corp. v. Schneiderman,* 940 F.2d 911, 914 (3d Cir.1991); *French Bourekas, Inc. v. Turner,*

199 B.R. 807, 814 (E.D.N.Y.1996). Thus, the fact that plaintiffs served the motion upon defendants and mailed the motion to the Clerk of the Bankruptcy Court on March 20, 1998, does not render the motion timely.