**In re Excel WARREN.**

**Bankruptcy No. 99–40568 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Sept. 23, 1999.

Don Trimble, Little Rock, AR, for plaintiff.

Richard L. Cox, Hot Springs, AR, for defendant.

## ORDER RE MOTION TO VACATE DISCHARGE

MARY D. SCOTT, Bankruptcy Judge.

■ THIS CAUSE is before the Court upon the debtor's "Motion to Vacate Discharge in Order to Added [sic] Additional Creditors and to Answer Interrogatories" filed on August 6, 1999.[1]

This bankruptcy case was filed on February 4, 1999, and the section 341(a) meeting first set for April 27, 1999. Accordingly, complaints to file objections to discharge or dischargeability were required to be filed, absent an order granting an extension, on June 28, 1999. On June 2, 1999, based upon the fact that the debtor is incarcerated, the Court granted the debtor's motion to comply with the requirements of section 341(a) by responding to Interrogatories from the trustee. Despite the Court's Order that the debtor "timely" respond to written interrogatories, debtor has apparently not responded to the trustee's requests for information. Despite the failure of the debtor to comply with this Order, discharge of the debtor was entered on July 22, 1999.

■ The debtor now seeks and extension of time to respond to the Interrogatories and that the discharge be set aside in order that other creditors may be added to his list of creditors. By this addition, debtor apparently believes that the debts owing to these creditors would be discharged in this bankruptcy case. While it is true that the schedules, including the list of creditors, may be amended at any time before the case is closed, Fed.R.Bankr.P. 1009, amending the schedules to add creditors does not necessarily effect a discharge of those additional obligations. Section 523(a)(3) of the Bankruptcy Code provides, with some exception, that debts neither listed or scheduled *within the time to object to discharge or dischargeability* are

1. The debtor has now responded to the interrogatories and the trustee has issued a report of no assets.

not discharged in the case. Inasmuch as the time to object to discharge or dischargeability expired on June 28, 1999, amending the schedules does not serve debtor's goal in discharging those debts omitted from the schedules.

■ Although it would appear that the easiest solution would be to set aside the entry of discharge, permit amendment of the schedules to add creditors and provide for the added creditors to receive an extended 60 day right to object to discharge or dischargeability, that solution does not give the debtor the relief he seeks. The plain language of the statute and the case authority indicate that even were that procedure followed, the debts to the omitted creditors would not necessarily be discharged. *See* 11 U.S.C. § 523(a)(3); *Omni Manufacturing v. Smith (In re Smith)*, 21 F.3d 660 (5th Cir.1994); Fed.R.Bankr.P. 4007, 9006. Moreover, this Court does not have the authority to extend the deadline for the creditor to file complaints to determine discharge or dischargeability. *See id.; In re Bozeman (KWHK Broadcasting Co. v. Sanders)*, 219 B.R. 253 (Bankr. W.D.Ark.), *aff'd*, 226 B.R. 627 (8th Cir. BAP 1998). In order to discharge the omitted creditors, the debtor must file a separate adversary proceeding requesting a determination of the dischargeability of the debt pursuant to section 523(a)(3). Accordingly, it is

**ORDERED** that the debtor's "Motion to Vacate Discharge in Order to Added [sic] Additional Creditors and to Answer Interrogatories" filed on August 6, 1999, is denied without prejudice to the filing of a separate adversary proceeding to determine the dischargeability of the debts held by the omitted creditors, within fifteen (15) days of entry of this Order. The schedules may be amended at any time pursuant to Fed.R.Bankr.P. 1009.

**IT IS SO ORDERED.**