**In re Marcia WALLACE, Debtor.**

**No. 01–30699.**

United States Bankruptcy Court,
N.D. Ohio.

Nov. 5, 2001.

Ann E. Jacobs, Lima, OH, for debtor.

David C. Delong, Lima, OH, for Citizens National Bank of Bluffton.

Bruce C. French, Lima, OH, trustee.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

The instant cause comes before this Court after a Hearing on the Motion by Citizens National Bank of Bluffton to have its Proof of Claim deemed timely filed. The facts which gave rise to this matter are briefly as follows: On April 28, 2001, this Court sent notice that the deadline for filing a proof of claim was July 27, 2001. One day prior to this deadline, Citizens National Bank of Bluffton placed in the mail its proof of claim to the Court. Said claim, however, was not actually received by the Clerk of this Court until July 31. With regards to these facts, it is the position of Citizens National Bank of Bluffton that its proof of claim should be deemed timely filed because it was mailed prior to the deadline established by the Court for filing proofs of claim.

The position espoused by the Movant is known as the "mailbox rule," which holds that the time to respond to a pleading or other document is computed from

the date of mailing and not from the date of receipt. This Rule is codified in Bankruptcy Rule 9006(e) which provides that "[s]ervice of process and service of any paper other than process or of notice by mail is complete on mailing." The Court, however, for the reasons that will now be explained, must reject the applicability of the mailbox rule as it pertains to the timeliness of a proof of claim.

■ Under the Bankruptcy Rules of Procedure, a party is required to *file* with the Court a proof of claim. BANK.R.CIV.P. 3002. The Bankruptcy Rules further provide that a proof of claim cannot be considered *filed* until it is received by the court; specifically Bankruptcy Rule 5005(a)(1) provides, in relevant part, that, "proofs of claims ... and other papers required to be *filed* by these rules ... shall be filed with the clerk in the district where the case under the Code is pending."

■ By contrast, the breadth of the "mailbox rule," as set forth in Bankruptcy Rule 9006(e), is limited to those documents which are "served." Service of a document, however, cannot be equated with "filing" a document, such as a proof of claim, with the court. In this regard, it is clear that the Bankruptcy Rules use the word "file" to denote turning a document over to the court, while "serving" a document relates to the act of providing that document to a party involved in the action. *Chrysler Motors Corporation v. Schneiderman*, 940 F.2d 911, 914 (3rd Cir.1991); *Fed. Deposit Ins. Corp. v. Brenesell (In re Brenesell)*, 109 B.R. 412, 417–18 (Bankr. D.Haw.1989). The "mailbox rule" of Bankruptcy Rule 9006(e), however, has no counterpart for a document that, under the Bankruptcy Rules of Procedure, is required to be filed. Furthermore, the lack of such a rule cannot be considered accidental; as was explained by the Court in *Schneiderman:*

We also point out that while Bankr.R. 5005(a) states that proofs of claims 'shall be filed with the clerk,' Bankr.R. 9006(e) provides that service of certain papers by mail is deemed complete on mailing. The reference to the use of the mails for service demonstrates that the framers of the rules knew how to provide for such use to complete a delivery and thus gives rise to an inference that filing within Bankr.R. 5005(a) means actual filing. Clearly, there is a sharp distinction between service of papers among parties and the filing of papers with the court.

*Id.* (internal citations omitted).

Accordingly, for these reasons, it is the decision of this Court that the effective date of a proof of claim is the date on which the claim is received by the clerk of courts. Therefore, in the instance case, since no dispute exists that the proof of claim filed by the Citizens National Bank of Bluffton was received by this Court on July 31 and as this date was after the July 27 deadline set by this Court for filing proofs of claim, the proof of claim filed by Citizens National Bank cannot be considered timely filed. *See also In re Allegheny Int'l, Inc.*, 93 B.R. 910, 912 (Bankr. W.D.Pa.1988) ("the mailbox rule is inapplicable to the filing of proofs of claim."); *In re Whitten*, 49 B.R. 220, 222 (Bankr. N.D.Ala.1985) (the date of mailing a proof of claim is irrelevant). Before concluding, however, the Court wishes to raise one final issue.

■ Some parties have attempted to use Bankruptcy Rule 9006(f) to have a late filed claim deemed timely filed. This Rule, which is termed the "three-day mailbox rule," provides that, "[w]hen there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or

other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period." A close examination of the language of this Rule, however, shows that it does not apply in situations such as this where, as opposed to a prescribing a period of time to respond, a specific deadline is used instead. *In re Allegheny Int'l, Inc.*, 93 B.R. at 912–13. Notwithstanding, this point is moot for purposes of this case as the proof of claim filed by Citizens National Bank of Bluffton was filed beyond the three-day time period provided for in Bankruptcy Rule 9006(f) (applying Bankruptcy Rule 9006(a)).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion by Citizens National Bank of Bluffton for Timely Filing of Proof of Claim, be, and is hereby, DENIED.